# ANTONIO CARNAGGIO

## *vs.*

## GEORGE W. CHAPMAN.

*Automobiles: negligence; burden of proof; affirmative evidence.*

A prayer framed upon a theory in support of which there was no evidence is erroneous.                                    p. 289

In a suit for damages because of the alleged negligence of the defendant, a prayer otherwise correct will not be declared bad, merely because it places upon the plaintiff the burden of proving by a fair preponderance of affirmative evidence that the negligence of the defendant caused the accident complained of.
p. 289

*Decided June 28th, 1917.*

Appeal from the Court of Common Pleas of Baltimore City. (SOPER, C. J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*George Washington Williams* (with whom was *John Holt Richardson* on the brief), for the appellant.

*R. Bayly Chapman,* submitted a brief for the appellee.

PATTISON, J., delivered the opinion of the Court.

This is an appeal from a judgment for the appellee in an action brought against him by the appellant to recover damages for personal injuries sustained by him, resulting from the alleged negligence of the appellee in the operation of his automobile.

The plaintiff, Antonio Carnaggio, while crossing Baltimore street, at or near its intersection with Charles street, on July 12, 1916, was knocked down and personally injured by the car or automobile of the defendant driven by him. The plaintiff was crossing from the north to the south side of Baltimore street, while the automobile of the defendant was going west on Baltimore street.

The testimony of the plaintiff as to the happening of the accident is exceedingly meager, and we will state it as it appears in the record. It is as follows:

"That the accident happened at Charles and Baltimore streets; to the best of his recollection at between three and four o'clock. That he was about to cross the street; had his eyes open; saw an automobile. That he stepped over in order to wait for this automobile to go by. Then an automobile came from the rear of this one and it struck him. That the machines were going west; that he had not passed Baltimore street, that he had made only about two or three steps; that he was watching the man in the front machine all right; and he was all right, but all at once, unexpectedly, the other machine came from the back of the one in order to pass this and struck him. That the first machine passed him, the second machine did not whistle, or sound any bell, but just struck him; that it tried to pass the first machine and struck him."

There was no other witness who testified for the plaintiff as to the happening of the accident.

The defendant testified that he was driving a runabout automobile on Baltimore street, going west. He stopped when he reached Charles street and waited until signalled by the semaphore in charge of the officer to proceed. He

crossed Charles street about six or seven miles an hour. There was no machine in front of him on the right-hand side of the street between Charles and Hanover streets.

After passing Charles street he pulled out to the right side of the street. He was going slowly and pulled to the right so that if anyone wanted to pass him they could do so. A machine did pass him going west on Baltimore street between fifty and seventy-five feet west of Charles street. He saw it pass him, but did not pay much attention to it. He did not take his eyes off the street and was going at that time about eight or ten miles an hour. The other car was going probably fifteen or eighteen miles an hour when it passed him, and was out in the car tracks.

He was then asked, did you see the plaintiff in this case before the happening of the accident? A. He was not out in the street. Q. Did you see where he came from? A. This man stepped off the curb, that is the only way I can figure it; I just had a glimpse of him. He stepped off the footway and the minute he did I put my brake on and stopped the car."

He then testified that the left-hand front wheel was on the man when he stopped. Someone said, "back, back, your front wheel is on the man's leg." "I stopped that quick." He further said, "that he did not try to pass or go around any other machine there on Baltimore street."

Upon cross-examination, he stated that when he arrived at the east side of Charles street, there was not anyone ahead of him, that he was straddling the north track of Baltimore street, or he may have been between the tracks. When signalled he went across Charles street and stayed on the right side. After crossing Charles street he drove close to the curb, probably a foot and a half from the curb. When the accident occurred he got out, put the man in the machine and rushed him to the hospital.

Patrick Leland, police officer stationed at the intersection of Charles and Baltimore streets, testified that he recalled the occasion of the accident. He saw the defendant's ma-

chine and another going west on Baltimore street. They stopped east of Charles street and awaited the signal for east and west. When it was given they both started. The defendant was on the inside or next to the north curb of Baltimore street when the other man tried to pass him, and they both came just together like that, on the centre of the street, at the centre of Charles street. There were both machines together. What called my attention to it was that I was watching to see if there was any violation of the law because the other machine was on the west-bound track, and before the accident, about a second before the accident happened, this machine passed Chapman, say about a yard on the west side of Baltimore street; that he assumed just a second after that machine passed, he saw Chapman's machine stop like that, and somebody shout and he ran over. That he did not see a machine come around to the right of another machine as plaintiff testified and strike the plaintiff, both machines were going west and defendant's machine was passed by another machine. The accident happened about thirty feet from the crossing. That he gave the signal for east and west bound vehicles, north and south bound were stopped until they got the signal. The defendant crossed Charles street at a speed between six and eight miles an hour.

These witnesses, the defendant and Leland, were substantially corroborated in all the material facts to which they testified, by John W. Rice, who was standing on the corner of Charles and Baltimore streets at the time of the accident, and John C. Weedon, who was riding with the defendant in the machine. We will not state their testimony in full, as it would unnecessarily prolong this opinion.

At the conclusion of the case the plaintiff offered four prayers, designated as 1st, 1½, 2nd and 3rd. The 1st and 3rd were granted; the others were rejected.

The defendant offered five prayers, the 1st and 2nd asked that the case be taken from the jury; the first, because of a want of legally sufficient evidence; and the 2nd, because of

contributory negligence of the plaintiff. These prayers were refused. The 3rd, 4th and 5th were granted.

There is but one exception in the record, and that is to the rulings on the prayers.

The plaintiff does not concede the correctness of the Court in refusing its 1½ prayer, but he does not allude to it at all in his brief, and we find no reversible error in the action of the Court in its refusal to grant it.

The second prayer of the plaintiff submitted the doctrine of the last clear chance to the jury. There was not the slightest evidence upon which this prayer could have been based, and consequently it was properly rejected.

The argument of the plaintiff was chiefly directed to the ruling of the Court in granting the defendant's fifth prayer. By this prayer the Court was asked to instruct the jury that the mere happening of the accident complained of raised no presumption of negligence on the part of the defendant operating the automobile referred to in the evidence, but the burden is upon the plaintiff to establish by a fair preponderance of *affirmative* evidence that negligence on the part of said defendant caused said accident, and if the minds of the jury are left by the evidence in a state of even balance as to the existence of such negligence, then the verdict of the jury must be for the defendant.

The objection to this prayer is to the statement that "the burden is upon the plaintiff to establish by *affirmative* evidence that negligence on the part of said defendant caused said accident."

It is the use of the word *"affirmative"* to which the objection is made. This objection we think is fully answered by this Court in *Sullivan* v. *Smith,* 123 Md. 558. There was in that case a prayer, word for word, like the prayer here objected to and the same objection was there made.

Chief Judge Boyd, speaking for the Court, said: "That is met by the case of *B. & O. R. R. Co.* v. *State, use of Savington,* 71 Md. 590, where on page 599 Chief Judge Alvey

said: 'It is incumbent upon the plaintiff to give some affirmative evidence of the existence of such negligence' That has been approved in *Riley* v. *N. Y. P. & N. R. R. Co.,* 90 Md. 53, and *B. & O. R. R. Co.* v. *Black,* 107 Md. 642. Nor can we agree with the appellant that this prayer prevented the jury from considering any evidence reflecting upon the negligence of the defendant, except that offered by the plaintiff. The burden was undoubtedly on the plaintiff to establish by a preponderance of evidence that the negligence on the part of the chauffeur caused the accident. That might be established by witnesses offerd by the defendant, but the burden was neverthless on the plaintiff to establish it * * *. If such an expression as that used in this prayer now under consideration could not be used, it would be difficult to submit a proper prayer on the burden of proof. What we have said above ought to be sufficient to show that the use of the expression 'affirmative evidence' does not make the prayer objectionable * * *."

We may also add to what has been said of this prayer, that if there was any negligence at all on the part of the defendant causing the injury complained of, it must be found in the *affirmative* evidence of the plaintiff, or not at all, consequently the plaintiff was not injured by the granting of the prayer. We also find no error in the ruling of the Court on the defendant's third and fourth prayers.

The judgment of the lower Court will therefore be affirmed.

*Judgment affirmed, with costs to the appellee.*