SADIE HAZLITT *v.* LAURENCE DEWLOW ET AL.
[No. 62, October Term, 1936.]

*Decided January 14th, 1937.*

 

The cause was argued before BOND, C. J., URNER, OF-FUTT, PARKE, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Julius P. Robinson* and *H. Harry Rosenberg,* for the appellant.

*Reuben L. Uman,* for Laurence Dewlow, appellee.

*F. Gray Goudy,* with whom was *H. Beale Rollins* on the brief, for the Gray Taxicab, appellee.

URNER, J., delivered the opinion of the Court.

The plaintiff was a passenger in a taxicab which had a collision with a private automobile at the intersection of Franklin and Eutaw Streets in the City of Baltimore. For personal injuries alleged to have been suffered by the plaintiff as a result of the collision, this suit was brought jointly against the corporate proprietor of the taxicab and the owner of the other car, who was driving it at the time of the accident. Each of the operators testified that his car was standing still when the collision occurred. According to the individual defendant's version, he had stopped his automobile in the intersection to allow safe passage for a pedestrian, and while thus stationary his car was struck by the taxicab coming rapidly from the right. The driver of the taxicab stated in his testimony that as he drove into the intersection from the west he slowed down and stopped the cab because he saw the

other car approaching rapidly from the north, and that its running board ran against his front bumper. It was testified by the plaintiff that she did not observe how the accident happened, but that the driver of the taxicab said at the time of the impact: "My brakes wouldn't hold." There was a denial by him that he made such a statement to the plaintiff, or to the occupants of the other car, who, in their testimony, attributed to him similar admissions as to the brakes. The evidence was conflicting as to their actual condition. Neither of the colliding cars was more than slightly damaged, and there was evidence tending to prove that the plaintiff was at that time apparently uninjured. The case was submitted to the jury, whose verdict was in favor of both defendants. Exceptions taken by the plaintiff at the trial present for our decision certain questions as to the admissibility of evidence and as to rulings on the prayers.

The first three exceptions relate to questions allowed by the trial court to be asked during the cross-examination of Dr. Sullivan, who had testified in chief, as a witness for the plaintiff, that she had a sacroiliac strain, a slight deviation of the coccyx, and neuritis in her left shoulder, which conditions "would be the natural and probable result of a person falling upon the floor of a taxicab in the sort of a jolt she described." The witness, having referred to a written report made to him by Dr. Lenhard, to whom he had taken the plaintiff for an examination about eighteen months after the accident, was asked whether Dr. Lenhard's report did not describe her coccyx as being "in normal position, tilted slightly forward." After answering the question in the affirmative, Dr. Sullivan was asked if there was any difference between his own impression and Dr. Lenhard's report. The reply was, "None whatever." The next inquiry was whether the report did not say that there was no "limitation of the movements of the back or joints." Quoting from the report, the witness answered: "She has no restriction of back movement." It appeared on Dr. Sullivan's redirect examination that the report by Dr. Lenhard referred to an X-ray picture

of the plaintiff's back which showed "a little deviation of the coccyx to the left." Subsequently the plaintiff called Dr. Lenhard as a witness, and proved by him observations and conclusions in substantial accord with those indicated in his report, to which the cross-examination of Dr. Sullivan had referred. In view of the evidence thus adduced by the plaintiff, we are unable to find any ground of reversal in the first, second, or third exception.

While testifying in chief as a witness for the plaintiff, Dr. Lenhard was asked whether she had described to him the accident in which she was alleged to have been injured, and had stated to him that she had then received a blow on the lower part of her back. Exceptions 4, 5, 6, 7, and 8 were taken because of the court's refusal to permit such inquiries. It was not permissible for the plaintiff to prove her own narration of the circumstances under which the accident occurred. But in the further course of Dr. Lenhard's examination in chief, reference was made without objection to the injuries complained of as having resulted from the accident described by the plaintiff in her testimony. There is in this group of exceptions no reason for reversal.

Because certain questions propounded in chief to Dr. Lenhard were held by the trial court to be improper in form, the ninth and tenth exceptions were reserved. But the object of those inquiries was fully served by an interrogatory which the court formulated.

Exception No. 11 was abandoned at the argument.

A witness for one of the defendants was asked whether the plaintiff, immediately after the accident, appeared to be injured, and replied in the negative, an objection by the plaintiff having been overruled. There was no reversible error in that ruling, which was the subject of the twelfth exception. The witness had testified that the plaintiff, after the collision, was "running around" looking for another taxicab in order to continue on her way to meet some friends, and the plaintiff herself had stated in her testimony that, after alighting from the taxicab involved in the accident, she first thought of boarding a street car,

but then returned, on the driver's invitation, to the cab in which she had been a passenger, and proceeded to the home of a friend to keep an appointment for dinner.

The thirteenth exception is concerned with the rulings on the prayers. The first of those offered by the plaintiff was directed to a recovery against both defendants upon the hypothesis of joint negligence, while the second and third were evidently intended to permit a verdict against one or the other alone if found to be exclusively at fault. While granting the first prayer without modification, the court inserted the word "solely" in each of the other two prayers of the plaintiff in order to clarify the theory of separate and single liability upon which they were offered. In *Brawner v. Hooper*, 151 Md. 579, 135 A. 420, cited by the plaintiff, a prayer by the only defendant was held to have been properly refused because it would have made recovery conditional upon sole negligence on the part of the defendant's driver and would thus have ignored the issue as to concurring negligence in the operation of his car and of the one in which the plaintiff was traveling. A quite different question is raised by the exceptions to the modification of the plaintiff's second and third prayers in this case, and in the action of the court on those prayers we find no error.

One of the prayers granted at the request of the personal defendant instructed the jury that, unless they were satisfied by a fair preponderance of affirmative evidence "that the accident was due to some act of negligence on his part directly contributing thereto," the verdict should be in his favor. Two other prayers granted at the instance of that defendant related to the burden of proof and the degree of care required of him under the circumstances. Each of the latter prayers referred to the hypothesis of the accident having been "caused" by the negligence of the personal defendant, but omitted to use the words "contributed to" in that connection. Because of that omission and the use of the word "affirmative" as applied to the evidence required to meet the burden of proof, the prayers just mentioned are said to have been improperly

granted. When the prayers are considered in combination *(Gill v. Staylor,* 93 Md. 453, 49 A. 650; *Kaline v. Davidson,* 146 Md. 220, 225, 126 A. 68), there is no reason to suppose that the jury would have exonerated the owner of the private car if they had found him at fault as having negligently "contributed" to the accident with resulting injury to the plaintiff, since that was a distinctly stated question submitted for the jury's consideration. The difference between the terms "caused" and "contributed to," as used in reference to the effect of negligence, was held to be immaterial in *United Rys. & Elec. Co. v. Perkins,* 152 Md. 105, 136 A. 50, and *Warner v. Neubert,* 171 Md. 187 A. 829. The use of the words "fair preponderance of affirmative evidence," in defining the burden of proof, has been expressly sanctioned. *Carnaggio v. Chapman,* 131 Md. 285, 101 A. 672; *Sullivan v. Smith,* 123 Md, 546, 558, 91 A. 456; *Balto. & O. R. Co. v. State, to use of Savington,* 71 Md. 590, 599, 18 A. 969.

Prayers of the personal and corporate defendants relating to the right of way rule as affecting the care to be observed by the respective drivers were specifically granted in connection with each other, and, when so considered, they adequately state the law on the subject as applicable to the particular issues of fact. *Yellow Cab Co. v. Lacy,* 165 Md. 588, 593, 170 A. 190; *Friedman v. Hendler Creamery Co.,* 158 Md. 131, 148 A. 426; *Taxicab Co. v. Ottenritter,* 151 Md. 525, 135 A. 587.

Other objections raised as to granted prayers of the defendants are not sufficiently material to need more than the statement of our view that they should be overruled.

The case appears to have been fairly tried and submitted to the jury, and the judgment on the verdict will therefore not be disturbed.

*Judgment affirmed, with costs.*