## 60516. SANDERS et al. v. THE STATE.

BIRDSONG, Judge.

Sanders and Waters enumerate the four errors below, following their conviction for aggravated assault. The state did not file a brief in the case. According to the appellants' statement of facts, the offense arose out of an altercation between appellants and a husband and wife and which occurred somewhere near the property line between adjoining lake lots. The appellants were visiting at one lot; the victim and his wife lived adjacent. The victim, armed with a pistol, approached appellants and asked them to leave; he was relieved of his pistol and struck with it by the appellants. The victim's wife appeared with a loaded rifle, which the appellants took from her and struck the male victim with it. The dispute occurred, according to the appellants, because the victim was attempting to eject the appellants from what he contended was his property, whereas the defendants were intent on staying where they contended they had a right to be. There is no contention that the verdict is contrary to the evidence. *Held:*

1. In two enumerations of error, appellants contend the trial court erred in failing to define to the jury the meanings of "assault" and "deadly weapon." The Supreme Court has held that the definition of assault, i.e., simple assault, does not need to be given to make the charge of aggravated assault complete. *Sutton v. State,* 245 Ga. 192, 193 (264 SE2d 184). No timely written request was made to have "deadly weapon" defined and no objection made to the failure to so charge. *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354). There is, moreover, no indication that the jury did not understand the term in relation to the offense alleged. Nor do we believe any harm was done inasmuch as a pistol or rifle used as a club is a deadly weapon, whether shot or not.

2. Appellants contend the trial court erred in prohibiting defense counsel from explaining to the jury that the reason appellants called no witnesses was to reserve the right to closing argument. No authority is offered for this proposition. The determination of the trial judge in regards to the range of comment which is proper in a case is in the discretion of the trial judge, and unless it can be shown that such discretion has manifestly been abused and some positive injury done, we will not interfere. *Adkins v.*

*Flagg,* 147 Ga. 136, 137 (93 SE 92); *Royal Crown Bottling Co. v. Bell,* 100 Ga. App. 438, 443 (6) (111 SE2d 734). It would not be proper to permit appellants to suggest in argument what they saw fit not to put on the stand, that there was other witness testimony favorable to their defense, and to nevertheless have benefit of the privilege to open and conclude the argument to the jury (Code Ann. § 38-415). It would not be proper to intimate to the jury that appellants had sacrificed valuable defense witness testimony to preserve a procedural right. The trial judge did not abuse his discretion in prohibiting this argument.

3. We do not find, as appellants contend in their fourth enumeration, that the trial judge improperly expressed any opinion of or commented on the evidence. When objection was made to the statement by appellants' counsel in final argument that "[the victim] was out to settle a land dispute with a [loaded] pistol," the trial judge stated to the jury that there was no evidence in the case that the altercation was over a land line dispute, but that "one party contended [the fight] happened in one place, and the other contending another." This statement was not incorrect. The jury was cautioned to consider only the evidence of both parties and credit the parties as it saw fit. Moreover, in any event, appellants have not shown how the trial judge's statements might have harmed them. *Stonaker,* supra.

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

SUBMITTED SEPTEMBER 9, 1980 — DECIDED OCTOBER 8, 1980.

*George D. Lawrence, Jr.,* for appellants.
*Joseph H. Briley, District Attorney,* for appellee.