A89A0302. TOWNS v. THE STATE.
(381 SE2d 405)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of burglary. He appeals from the judgment of conviction and sentence that was entered by the trial court on the jury's guilty verdict.

1. Appellant enumerates the general grounds. Appellant's palm print was found beneath the window through which the burglar had gained entry. Appellant's fingerprint was found inside a vending machine that had been vandalized. Appellant pawned a typewriter that had been stolen during the burglary. "To sustain a conviction which is based solely on fingerprint evidence, 'the fingerprints corresponding to those of the accused must have been found in the place where the

crime was committed, under such circumstances that they could only have been impressed at the time when the crime was committed.' [Cits.] Where there is additional circumstantial evidence, however, a conviction is warranted if the proved facts are consistent with the hypothesis of [guilt] and exclude every other reasonable hypothesis save that of guilt. [Cits.]" *Mercer v. State,* 169 Ga. App. 723, 725 (1) (314 SE2d 729) (1984). The evidence regarding appellant's fingerprints, coupled with the evidence of his recent possession of the stolen typewriter, would authorize a rational trior of fact to find appellant guilty of burglary beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also *Glover v. State,* 175 Ga. App. 285 (333 SE2d 165) (1985).

2. In his closing argument, appellant's counsel made the statement that appellant "would love to have a defense expert, I'm sure. And if he was a Nelson Rockefeller or Donald Trump, you can get people that are experts." Counsel for the State objected and the trial court sustained the objection. Appellant enumerates this ruling as error.

"[C]ounsel should confine their argument to the facts, and such authorized inferences arising from the facts, as are properly before the court and the jury." *Brown v. State,* 57 Ga. App. 864, 865 (1) (197 SE 82) (1938). Neither the lack of an expert witness for the defense nor the lack of funds to pay for such an expert were "facts" to be argued to the jury after the trial of the case. If appellant had desired to hire his own expert witness but lacked sufficient funds, the issue should have been presented to the court prior to trial. See *Roseboro v. State,* 258 Ga. 39 (2) (365 SE2d 115) (1988). "The determination of the trial judge in regards to the range of comment which is proper in a case is in the discretion of the trial judge, and unless it can be shown that such discretion has manifestly been abused and some positive injury done, we will not interfere. [Cits.]" *Sanders v. State,* 156 Ga. App. 44-45 (2) (274 SE2d 88) (1980). The trial court did not abuse its discretion in ruling the argument to be improper.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED APRIL 3, 1989.

*Carl J. Wilson, Jr.,* for appellant.

*Willis B. Sparks III, District Attorney, Thomas J. Matthews, Assistant District Attorney,* for appellee.