A90A1683. PEACOCK v. STRICKLAND.
(401 SE2d 601)

BEASLEY, Judge.

Plaintiff Peacock appeals from a jury verdict for defendant Strickland. Plaintiff had sought recovery for damages she sustained as a result of an automobile collision with a vehicle driven by Strickland.

1. She contends that because defendant pleaded guilty to the criminal charge of failing to yield the right-of-way, a verdict in her favor on the issue of liability was demanded. She relies upon *Glenn v. Hutcheson*, 194 Ga. App. 12 (389 SE2d 523) (1990), which held: "By pleading guilty to the charge of vehicular homicide in addition to the charge of driving too fast for conditions, the appellee admitted not merely that he had been driving in a negligent manner at the time of the accident but also that this negligence had been the proximate cause of the decedent's death." That decision is physical precedent only. The court contrasted its decision with other cases in which the guilty plea did not have such a conclusive effect. See *Martini v. Nixon*, 185 Ga. App. 328 (1) (364 SE2d 49) (1987); *Williams v. Calhoun*, 175 Ga. App. 332, 334 (333 SE2d 408) (1985); *Thompson v. Hill*, 143 Ga. App. 272, 275 (3) (238 SE2d 271) (1977).

Those latter cases control here. Although a guilty plea is an admission against interest and prima facie evidence of the facts admitted, *State Farm &c. Ins. Co. v. Godfrey*, 120 Ga. App. 560, 563 (171

SE2d 735) (1969), "it is not conclusive that defendant was negligent as it is only a circumstance to be considered along with the other evidence in the civil action for damages." *Roesler v. Etheridge*, 125 Ga. App. 358, 359 (1) (187 SE2d 572) (1972). See also *Williams v. Calhoun*, supra, cited by appellant but leaving the issue of proximate cause to a jury despite a failure-to-yield guilty plea. Strickland's guilty plea did not establish as a matter of law that he was negligent. The issue of liability was correctly submitted to the factfinder.

2. The trial court excluded evidence of plaintiff's hardships stemming from injuries suffered in the collision. Any error that might have occurred was harmless because the jury found for defendant. The exclusion of evidence which is relevant only to the measure of damages is not a ground for reversal where the jury rejected plaintiff's contentions of liability. *Claxton Poultry Co. v. City of Claxton*, 155 Ga. App. 308, 314 (4) (271 SE2d 227) (1980); *Foy v. Edwards*, 118 Ga. App. 665, 667 (3) (165 SE2d 176) (1968). See cases cited in *Maloy v. Dixon*, 127 Ga. App. 151, 156 (193 SE2d 19) (fn. 2) (1972).

*Judgment affirmed. Pope and Andrews, JJ., concur.*

DECIDED JANUARY 31, 1991.

*David S. Walker, Jr.*, for appellant.

*Dennis, Corry, Porter, Thornton & McGlamry, William E. Gray II, Grant B. Smith*, for appellee.