A91A1584. TOLBERT et al. v. DUCKWORTH et al.
(415 SE2d 911)

CARLEY, Presiding Judge.

Appellant-plaintiffs brought suit, seeking to recover for injuries allegedly resulting from a vehicular collision. The case was tried before a jury, and a verdict was returned in favor of appellee-defendants. Appellants appeal from the judgment entered by the trial court on the jury's verdict and enumerate as error only the trial court's giving of a charge on the principle of legal accident.

1. Appellants urge that the giving of a charge on legal accident should no longer be sanctioned.

Although it has been recognized that a charge on legal accident is potentially confusing and misleading to juries and is redundant of the general principles of negligence law, "Georgia has not discarded accident as a proper subject for jury instructions. . . . [Cit.]" *Chadwick v. Miller*, 169 Ga. App. 338, 342 (1) (312 SE2d 835) (1983). Even assuming that the abolition of the giving of a charge on legal accident is not a matter solely for the Georgia Supreme Court (but see *Savannah Elec. Co. v. Jackson*, 132 Ga. 559, 562 (4) (64 SE 680) (1909)), it is clear that a majority of this court as presently constituted is not so inclined. See *Smoky, Inc. v. McCray*, 196 Ga. App. 650, 652 (5) (396 SE2d 794) (1990).

2. Appellant also urges that a charge on legal accident was not authorized by the evidence. "A review of the record shows that there was . . . evidence which would have authorized the jury to find that, notwithstanding appellee[-driver]'s exercise of ordinary reasonable care, he lost control of his [vehicle] on the rain-slick highway [at a point where water was pouring across the road due to insufficient drainage], hydroplaned into the lane of on-coming traffic and struck the vehicle that was being operated by appellant[-driver]. Accordingly, the trial court did not err in giving a charge on the defense of legal accident. [Cit.]" *Whitehead v. Coffey*, 198 Ga. App. 587 (402 SE2d 311) (1991). See also *Jump v. Benefield*, 193 Ga. App. 612, 614-615 (2) (388 SE2d 864) (1989); *Reed v. Heffernan*, 171 Ga. App. 83, 87 (2) (318 SE2d 700) (1984). Appellee-driver's guilty plea to driving too fast for conditions "did not constitute an irrebuttable admission that the collision was the proximate result of negligence on [his] part, [cit.] . . . ." *Martini v. Nixon*, 185 Ga. App. 328 (1) (364 SE2d 49) (1987). See also *Peacock v. Strickland*, 198 Ga. App. 406 (1) (401 SE2d 601) (1991); *Williams v. Calhoun*, 175 Ga. App. 332 (333 SE2d 408) (1985).

*Judgment affirmed. Beasley, J., and Judge Arnold Shulman*

*concur.*

DECIDED JANUARY 28, 1992 —
RECONSIDERATION DENIED FEBRUARY 4, 1992 —

*Hudson & Montgomery, David R. Montgomery, Kenneth Kalivoda*, for appellants.

*Carey, Deal, Jarrard & Walker, J. Nathan Deal, McClure, Ramsay & Dickerson, John A. Dickerson, Harben & Hartley, Phillip L. Hartley*, for appellees.