S92G0604. TOLBERT v. DUCKWORTH.
S92G0607. SHELTON v. SMITH.
(423 SE2d 229)

FLETCHER, Justice.

We granted the writ of certiorari to determine whether the jury instruction on accident should be eliminated as a defense in civil cases. We conclude that the accident charge should not be given in future civil cases and affirm.

Larry Duckworth was driving on a rain slick road when he turned a corner, hit a drainage area from a car wash, lost control of his car, and crashed into Bruce Tolbert's car. The investigating police officer gave Duckworth a ticket for driving too fast for conditions, but testified at the trial[1] that Duckworth could not have anticipated that water would be in the road as he drove around the corner. In the second personal injury action, Brenda Smith was driving under the speed limit in the rain when she hydroplaned into the next lane, hitting the car of William O. Shelton III. Tolbert and Shelton sued for negligence. In both cases, the trial court gave a jury instruction on the law of accident, the juries returned a verdict in favor of the defendant, and the Court of Appeals affirmed. *Tolbert v. Duckworth*, 202 Ga. App. 873 (415 SE2d 911) (1992); *Shelton v. Smith*, S91A1620 (Ga. Ct. App. Jan. 14, 1992) (unreported opinion).

1. The pattern jury charge on accident in Georgia states:

> If you should find from the evidence in this case that neither plaintiff nor defendant were guilty of negligence, then any injuries or damages would be the result of an accident. The word "accident" has a specific and distinct meaning, as it is used in connection with this case.

> Accident is strictly defined as an occurrence which takes place in the absence of negligence and for which [no] one would be liable.

1 Council of Superior Court Judges, Suggested Pattern Jury Instructions: Civil Cases 237 (3d ed. 1991). This instruction, which was based partly on the Court of Appeals' decision in *Chadwick v. Miller*, 169 Ga. App. 338, 344 (312 SE2d 835) (1983), creates two problems. The first paragraph is misleading in that it implies an accident occurs when the negligence of someone other than the plaintiff or defendant causes the plaintiff's injuries. The second paragraph's reference to the word "accident" creates confusion because of the difference between the legal definition of "accident" and the commonly understood meaning of the word as an unintended act.

We choose to follow the jurisdictions that have repudiated the use of the accident instruction in all civil cases as unnecessary, misleading, and confusing. See 57A AmJur2d 104, *Negligence,* § 48, n. 58 (1989) (listing cases); Annotation, Instructions on Unavoidable Accident, or the Like, in Motor Vehicle Cases, 65 ALR2d 12, § 4 (1959) (listing cases).[1] The defense of inevitable accident "is nothing more

---

[1] Besides the judicial abolition of the charge, committees from several states recommend that no charge be given on "unavoidable accident." See, e.g., Ark. Supreme Court Comm.,

than a denial by the defendant of negligence, or a contention that his negligence, if any, was not the proximate cause of the injury." *Butigan v. Yellow Cab Co.*, 49 Cal.2d 652 (320 P2d 500, 505) (1959); see *Alabama Great Southern R. Co. v. Brown*, 138 Ga. 328, 332 (75 SE 330) (1912) (accident instruction merely elaborates that the defendant is not liable if without fault). The standard instructions on negligence, proximate cause, and burden of proof are sufficient to instruct the jury that the plaintiff may not recover when an injury occurs without the defendant's fault.[2] Therefore, the instruction on accident should no longer be given in civil cases in Georgia after January 21, 1993, the date this opinion is published in the advance sheets of the Georgia Reports. See *Daopoulos v. Daopoulos*, 257 Ga. 71, 73 (354 SE2d 828) (1987).

2. In each of these actions, the trial court properly charged the jury on accident under existing case law. There is no evidence of a third party's negligence in either action, but there is evidence that the defendants could not have foreseen the collisions or prevented them by the exercise of ordinary diligence. After reviewing the records, we find the accident instruction was not prejudicial under the circumstances of these cases and affirm the judgments.

*Judgments affirmed. All the Justices concur; Hunstein, J., not participating.*

DECIDED NOVEMBER 23, 1992 —
RECONSIDERATION DENIED DECEMBER 17, 1992.

*Hudson & Montgomery, David R. Montgomery, Kenneth Kalivoda*, for appellant (case no. S92G0604).
*Carey, Deal, Jarrard & Walker, J. Nathan Deal, Mary R.*

---

*Arkansas Model Jury Instructions* AMI 604 (3d ed. 1989); Colo. Supreme Court Comm., *Colorado Jury Instructions — Civil* 9:11 (3d ed. 1990); Fla. Supreme Court Comm., *Florida Standard Jury Instructions in Civil Cases* 4.1 (1983); Idaho Pattern Jury Instructions Comm., *Idaho Jury Instructions* 217 (1982); Ill. Supreme Court Comm., *Illinois Pattern Jury Instructions: Civil* IPI 12.03 (3d ed. 1990); Ind. Judges Assn., *Indiana Pattern Jury Instructions* § 5.47 (1966); Kan. Judicial Council, *Pattern Instructions for Kansas 2d* PIK 8.82 (1977); Mich. Supreme Court Comm., *Michigan Standard Jury Instructions — Civil* SJI2d 13.05 (2d ed. & Supp. 1991); Mo. Supreme Court Comm., *Missouri Approved Jury Instructions* 1.01 (4th ed. 1991); State Bar Comm., *South Dakota Pattern Jury Instructions — Civil* 12.01 (1968 & Supp. 1980); Wis. Judicial Conference, *Wisconsin Jury Instructions — Civil* 1000 (1991). Other states do not refer to the unavoidable accident instruction in their pattern jury instructions. See, e.g., Ala. Pattern Jury Instructions Comm., *Alabama Pattern Jury Instructions — Civil* (1974 & Supp. 1992); 2 J. Palmore & R. Eades, *Kentucky Instructions to Juries* (1989); N.C. Conference on Superior Court Judges, *North Carolina Pattern Jury Instructions for Motor Vehicle Negligence* (1991).

[2] The defense is a more appropriate subject for argument by counsel to the jury. *Florida Standard Jury Instructions* 4.1 comment 2.

*Carden, McClure, Ramsay & Dickerson, John A. Dickerson, Harben & Hartley, Phillip L. Hartley,* for appellee.

*Word & Flinn, Gerald P. Word,* for appellant (case no. S92G0607).

*Tisinger, Tisinger, Vance & Greer, Thomas E. Greer, J. Branson Parker, Johnson, Beckham & Dangle, J. Eugene Beckham, Jr.,* for appellee.

*David W. Boone,* amicus curiae.