A92A2410. TRAVITT v. GRAND UNION COMPANY.
(429 SE2d 309)

BIRDSONG, Presiding Judge.

Jacqueline Travitt appeals from a judgment based upon a jury verdict in favor of The Grand Union Company d/b/a Big Star ("Big Star") and from the denial of her motion for a new trial. The record shows Travitt sued Big Star for damages arising from an incident in which she and a Big Star employee pulling a produce cart collided. Who ran into whom, the force of the collision, and the extent of Travitt's injuries were contested issues at trial.

Travitt contends the trial court erred by charging the jury on the defense of unavoidable accident, by allowing defense counsel to cross-examine a physician on various periodicals and learned treatises, by allowing defense counsel to examine and cross-examine witnesses about an "offer of compromise" letter concerning Travitt's claim arising from an automobile accident, by refusing to give Travitt's request to charge concerning pre-existing conditions, and by denying Travitt's motion for a new trial based upon the general grounds. *Held*:

1. Travitt contends the trial court erred by charging the jury on the defense of accident because there was no evidence authorizing the charge. She asserts the evidence showed that when the collision occurred she was standing in an unobstructed aisle looking at several kinds of fruit. Further, she asserts she had been standing in the same place for at least 30 seconds when she was struck by the employee pulling a heavy produce cart. Travitt admits she saw the employee just before he hit her, but she alleges the evidence showed the employee was walking backward, pulling the cart behind him. She asserts the force of the blow was strong enough to knock the wind out of her and the cart also struck her on the foot. She further contends the evidence showed the employee was using a large cart that was more difficult to control, even though using the large cart meant he had to pull the cart with his back to the direction of his travel. Moreover, the Big Star employee testified that it was his fault that he bumped into Travitt.

Conversely, Big Star contends the evidence shows its employee pushed the cart through some doors at the back of the store and did not see anyone in the aisle other than a man some 50 feet away. The employee testified that as the cart "wandered a bit" he turned it around, pulling it with one hand while looking backward while walking with it. According to Big Star it was safer to pull this cart than it was to push it, and although the employee was walking sideways, he was looking in his direction of travel over his left shoulder. The employee contends he pulled the cart for about six feet before he slightly bumped into Travitt, and he denies that he knocked the breath out of Travitt. Big Star acknowledges that its employee testified that while the collision was his fault, it was not done on purpose.

"The defense of accident in this state is to be confined to its strict sense as an occurrence which takes place in the *absence of negligence* and for which *no one would be liable*. Unless there is evidence authorizing a finding that the occurrence was an 'accident' as thus defined, a charge on that defense is error." *Chadwick v. Miller*, 169 Ga. App. 338, 344 (312 SE2d 835). Applying that test to this case, the charge was not authorized. Although the parties each seek to place the responsibility for the collision on the other, one of them was responsible for this collision. This was not an event that was caused by unexpected and unforeseen mechanical failure or unexpected and unforeseen weather conditions or natural events. Here, the only explanation for this event is that one or both parties were negligent and collided with the other. Employees are expected to engage in activities so as not to injure the customers (see, e.g., *Big Apple Super Market v. Briggs*, 102 Ga. App. 11, 14 (115 SE2d 385)), and invitees are expected to exercise ordinary care for their safety. See *Chisholm v. Fulton Supply Co.*, 184 Ga. App. 378, 379 (361 SE2d 540). It was the

jury's responsibility in the face of the conflicting testimony to determine who was negligent and whose negligence proximately caused the collision. Accordingly, since the charge on accident was not authorized, a new trial is required (*Battle v. Kovalski*, 202 Ga. App. 471, 472 (414 SE2d 700)), and, thus, the trial court erred by denying Travitt's motion for new trial.

Of course, after January 21, 1993, charges on accident are no longer authorized in this state. *Tolbert v. Duckworth*, 262 Ga. 622, 624 (423 SE2d 229).

2. Regarding Travitt's enumeration of error concerning the cross-examination through the use of periodicals and learned treatises, there was no error. *Mize v. State*, 240 Ga. 197, 198 (240 SE2d 11); *Brannen v. Prince*, 204 Ga. App. 866 (421 SE2d 76) (physical precedent).

3. We also find no error in the trial court's allowing Big Star to use the factual assertions contained in the letter from Travitt's attorney to the insurance company regarding settlement of the claim arising from the automobile accident. *Wilbanks v. Wilbanks*, 238 Ga. 660, 662 (234 SE2d 915); *Computer Communications Specialists v. Hall*, 188 Ga. App. 545, 546 (373 SE2d 630). Contrary to Travitt's assertion, OCGA § 24-3-37 does not prohibit use of factual matters contained in such letters. Additionally, since these factual representations were made by Travitt's attorney within the scope of his representation, these matters were admissible. OCGA §§ 24-3-32; 24-3-33; *Locklear v. Morgan*, 127 Ga. App. 326, 327 (193 SE2d 208). Whether the facts in the letter were misused in specific instances of cross-examination present issues governed by the general rules of cross-examination which, upon the new trial, the trial court can be expected to rule upon properly if raised by timely objection.

4. We find no error in the trial court's refusal to give Travitt's requested charge regarding pre-existing conditions since its substance was covered elsewhere in the charge. *Cohran v. State*, 141 Ga. App. 4, 5 (232 SE2d 355).

*Judgment reversed. Beasley and Andrews, JJ., concur.*

DECIDED MARCH 12, 1993.

*Davidson & Fuller, William M. Davidson*, for appellant.

*Greene, Buckley, Jones & McQueen, Harold S. White, Jr., Margaret L. Milroy*, for appellee.