### A93A0141. MEEKS v. CASON.
(431 SE2d 407)

ANDREWS, Judge.

Meeks, plaintiff below, appeals from the judgment entered on the jury's verdict in favor of defendant Cason in Meeks' personal injury claim arising from an automobile accident.

Viewed in favor of the verdict, the evidence was that, on March 24, 1989, Ms. Cason, driving a 1986 Chevy van, was approaching traf-

---

fic when she noticed a group of teenagers on the side of the road. It was before school started and children were walking to school. In order to watch them, she turned her head away from traffic momentarily and when she looked back, the traffic had stopped. The road was wet from a previous rain. As described by Cason, "I put on my brakes and I couldn't stop and I hit Ms. Meeks' car."

Meeks was driving a 1979 Ford LTD and was stopped for traffic. Cason said she got out of the van, approached the LTD, and asked Meeks if she was hurt. Meeks said no and got out of her car to examine it. Meeks did not obtain Cason's name or driver's license and no report was made to the police at that time. Later, on arriving home, Meeks advised her husband of the incident and he told her their insurance required it to be reported. They went to examine their car and discovered a plastic bracket securing the battery had broken and the car would not crank. Mr. Meeks fixed that problem and had the car checked at Western Auto due to a vibration. The universal joint had to be replaced.

That afternoon, Meeks' neck began to hurt and she was treated at the emergency room for a whiplash injury. She was x-rayed and given pain medication. The pain worsened overnight.

The next day, Ms. Meeks spotted the van in a shopping center and obtained the license number after going in a store and seeing Cason. The incident was then reported to the police.

On March 29, 1989, Meeks saw her doctor who changed her pain medication and prescribed a cervical collar. Later, he referred her to an orthopedic surgeon, Dr. Eddings, who referred her for physical therapy, which helped. Because she had had five relatives, including her three-year-old daughter, killed by vehicles, she became very emotional when riding in vehicles and was referred in June or July by Dr. Eddings to Dr. Eaton, a psychologist who treated her for her fears.

In June 1989, Dr. Eddings discontinued the physical therapy and Meeks was released to return to work on January 7, 1990. She then worked several jobs, including being a cook at a local restaurant and cleaning up there. Later, she also worked in the deli department of a local grocery where she fried chicken and was required to lift the fry container filled with chicken out of the vat and dump it onto a counter. She began to have pain in her neck and shoulders after work and was given a note to restrict her lifting at work. She later returned to Dr. Eddings who did an arthrogram in October 1990 and discovered "impingement syndrome and chronic subacromial bursitis." On November 13, 1990, Meeks underwent arthroscopic surgery and a tear was found in her labrum inside her right shoulder and repaired. She did not have additional problems after this.

1. The first enumeration is that the court "erred in charging the jury on accident when the Defendant had admitted that the collision

was her fault and there was no issue of fact to be decided by the jury in that regard."

At the close of all the evidence, Meeks made a motion for directed verdict based on Cason's answer on cross-examination to the question "[T]his collision was your fault, wasn't it?" Her answer was "Yes sir, I hit her."

The argument of this enumeration, however, is addressed solely to the issue of jury charges.

" 'Our law requires that enumerations "shall set out separately each error relied upon" (OCGA § 5-6-40). . . .' *Murphy v. State*, 195 Ga. App. 878, 880 (6) (395 SE2d 76) [(1990)]. When an appellant argues more than one error within a single enumeration, this court in its discretion may elect to review none of the errors so enumerated in violation of OCGA § 5-6-40 (*Murphy*, supra) or elect to review any one or more of the several assertions of error contained within the single enumeration and treat the remaining enumerations as abandoned. (*West v. Nodvin*, 196 Ga. App. 825, 830 (4c) (397 SE2d 567) [(1990)]." *Robinson v. State*, 200 Ga. App. 515, 518 (2b) (408 SE2d 820) (1991).

To the extent the enumeration can be read as addressing objections made at the trial to the charge, we will consider it.

During the charge conference, Meeks objected to the giving of Cason's charges numbered 4, 5, and 6. The ground stated was that, in light of Cason's admission that the wreck was "her fault," the charges were not applicable to the facts.

After the charge was given, the court inquired if there was "anything for the record" before the jury began deliberations, stating that "I think you've already entered your charges objections." Counsel for Meeks replied, "[a]s long as the Court is aware of my . . . objections."

While the charges are objected to as "accident" charges, they do not deal with the concept of "inevitable accident" addressed in *Tolbert v. Duckworth*, 262 Ga. 622, 623 (423 SE2d 229) (1992).[1]

The two objected to charges were: "I charge you that the law of this State does not impose upon the driver of a motor vehicle the absolute duty to have her vehicle under such control that it can be brought to a stop in order to avoid injury to any person or property which may be in the path of such motor vehicle. Therefore, the mere fact that the vehicle of the defendant collided with the automobile

---

[1] That charge was that " '[i]f you should find from the evidence . . . that neither plaintiff nor defendant were guilty of negligence, then any injuries or damages would be the result of an accident. The word "accident" has a specific and distinct meaning. . . . Accident is strictly defined as an occurrence which takes place in the absence of negligence and for which (no) one would be liable.' " *Tolbert*, supra at 623. That charge should no longer be given in civil cases after January 21, 1993.

occupied by the Plaintiff does not within itself establish that the defendant was guilty of negligence. In this regard, it is for the jury to determine from all the facts and circumstances whether the defendant was guilty of negligence." (Request No. 4) "I charge you that all drivers of motor vehicles using the highways are held to the exercise of due care and that a leading vehicle has absolutely no legal position superior to that of one following. Accordingly, I charge you that the mere fact that a vehicle is struck by another vehicle does not establish liability on the driver of either vehicle." (Request No. 5)

Pretermitting the question of whether the objection made was adequate to preserve any error, see *Cornelius v. Lawrence*, 203 Ga. App. 113, 114 (2) (416 SE2d 115) (1992), the two charges were accurate statements of abstract principles of law and provide no basis for reversal. *Wright v. Dilbeck*, 122 Ga. App. 214, 227 (6) (176 SE2d 715) (1970); *Attaway v. Morris*, 110 Ga. App. 873, 874 (5) (140 SE2d 214) (1965); *Hay v. Carter*, 94 Ga. App. 382, 384 (94 SE2d 755) (1956).

2. Meeks also complains of the court's giving of a charge on preexisting condition on the ground that no evidence of such a condition was introduced.

There was evidence that Meeks did suffer from a psychological condition before the accident which exacerbated her physical condition. She was also seeking compensation for the counseling required after the wreck for her fear of riding in automobiles, which, according to her psychologist, was attributable to her family history and relationships as well as the wreck.

Therefore, there was evidence supporting the charge and there was no error.

*Judgment affirmed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED APRIL 29, 1993 —
RECONSIDERATION DENIED MAY 20, 1993 

*Hackel & Hackel, Thomas M. Hackel*, for appellant.
*Dillard, Bower & East, Bryant H. Bower, Jr., Robert W. Lamb, Daniell S. Landers*, for appellee.