A93A0327. HORNE et al. v. CARE MORE, INC.
(431 SE2d 480)

JOHNSON, Judge.

Tommy Horne slipped and fell while on the premises of Care More, Inc. d/b/a Macon Health Care Center. Tommy and Mary Horne filed a complaint against Care More for injuries allegedly caused by the fall. The jury returned a verdict in favor of Care More. The trial court made the verdict the judgment of the court. The Hornes appeal.

1. The Hornes contend that the court erred in charging the jury on the defense of accident.[1] "The defense of accident in this state is to be confined to its strict sense as an occurrence which takes place in the absence of negligence and for which no one would be liable. Unless there is evidence authorizing a finding that the occurrence was an 'accident' as thus defined, a charge on that defense is error." (Citations, punctuation and emphasis omitted.) *Whisanant v. Northeast Ga. Med. Center*, 202 Ga. App. 526, 527 (414 SE2d 739) (1992). Although there was evidence that Horne's fall might have been the result of Care More's negligence, the jury also could have concluded that the fall was not proximately caused by the negligence of any party. The jury could have found from the evidence that Horne slipped in a puddle of urine, which had only been on the floor a few minutes and about which Care More had no knowledge prior to Horne's fall. The jury was authorized to conclude that the urine on the floor was an unforeseeable occurrence. "Where the jury is authorized under the alternatives submitted by the evidence to find that the [fall] was not proximately caused by negligence but could have resulted from an unforeseen or unexplained cause, there is ample reason to give a charge on the law of accident." (Citations and punctua-

---

[1] The Supreme Court's holding in *Tolbert v. Duckworth*, 262 Ga. 622 (423 SE2d 229) (1992), that the jury charge on accident should not be given in civil cases after January 21, 1993, is inapplicable to the instant case, which was tried from January 13-15, 1992.

tion omitted.) *Adams v. Finlayson*, 199 Ga. App. 821, 822 (1) (406 SE2d 227) (1991); see also *Greene v. Wright*, 200 Ga. App. 125, 126 (1) (407 SE2d 68) (1991). The court did not err in charging the jury on accident.

2. The Hornes enumerate that the court erred in failing to give their requested charge on distraction. Because the request is not contained in the record, we cannot address the merits of this enumeration. *Jones v. Livingston*, 203 Ga. App. 99, 102 (3) (416 SE2d 142) (1992).

*Judgment affirmed. Blackburn and Smith, JJ., concur.*

DECIDIED MAY 25, 1993.

*J. O'Quinn Lindsey*, for appellants.
*Tittsworth & Grabbe, John C. Grabbe IV*, for appellee.