## A93A0998. HANDY v. SPETH.
(435 SE2d 623)

BLACKBURN, Judge.

On October 7, 1989, Marie Speth drove down a residential street looking for her daughter's lost puppy, and stopped beside a group of playing children to ask if they had seen it. After making the inquiry and getting back into her vehicle, Speth looked around for the children and then began to drive away. Almost immediately, she struck the appellant, two-year-old Gabrielle Handy.

Handy's mother subsequently commenced this action against Speth, seeking to recover for personal injuries sustained by the child. Following trial in the matter, the jury returned a verdict in favor of the defendant Speth, and this appeal resulted.

1. The plaintiff contends that the trial court erred in charging the jury on the law of accident. Two weeks after the trial and jury verdict in this case, the Supreme Court eliminated the jury charge on accident in civil cases. *Tolbert v. Duckworth*, 262 Ga. 622 (423 SE2d 229) (1992). However, the court specifically held that the elimination of the jury charge was to be *prospective* from the date of publication of the decision (January 21, 1993). Id. It is undisputed that the jury instruction given by the trial court was a correct statement of the law on accident as it existed prior to *Tolbert v. Duckworth*, supra. The only issue thus is whether the evidence authorized the jury charge in this case.

In Georgia, "accident" pertains to an injury which occurs without being caused by the negligence of either the plaintiff or the defendant. *Chadwick v. Miller*, 169 Ga. App. 338 (312 SE2d 835) (1983). With regard to the plaintiff in the instant case, the two-year-old child was conclusively presumed to be incapable of contributory negligence. *Hyde v. Bryant*, 114 Ga. App. 535 (151 SE2d 925) (1966). With regard to the defendant, it is undisputed that the defendant's account of the incident would support a finding of no negligence on her part.

The evidence in this case thus supported the jury charge on the law of accident as it existed at the time of the trial. In asserting that the jury instruction should not have been given, the plaintiff advances arguments previously considered and rejected by the Georgia appellate courts until the decision in *Tolbert v. Duckworth*, supra. See *Chadwick v. Miller*, supra. The plaintiff also argues that application of the jury charge on accident in this case violated her right to equal protection of the law, but we may not consider that contention because it was raised for the first time on appeal. *Edgar v. Shave*, 205 Ga. App. 337 (3) (422 SE2d 234) (1992).

2. The plaintiff next contends that the trial court erred in disallowing a neuropsychologist to testify as to the physical causation of the neuropsychological condition for which she was tested. In *Morris v. Chandler Exterminators*, 200 Ga. App. 816 (409 SE2d 677) (1991), this court specifically held that a psychologist is qualified to provide an opinion as to an organic cause of a mental disorder. However, the Supreme Court granted certiorari to review that issue and held to the contrary. *Chandler Exterminators v. Morris*, 262 Ga. 257 (416 SE2d 277) (1992). Accordingly, the trial court properly excluded the proffered testimony of the neuropsychologist regarding the plaintiff's psychological disorder having been caused by a brain injury due to a blow to the head.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 1, 1993.

*Hawk, Hawk & Lyons, Jacque D. Hawk*, for appellant.
*Thompson & Smith, Larry I. Smith*, for appellee.