A96A0874. WORTHY et al. v. KENDALL et al.
(474 SE2d 627)

BLACKBURN, Judge.
Betty Worthy and her husband appeal the judgment entered following a jury trial of their tort action stemming from an automobile collision. Worthy sought damages for her personal injuries, and her

husband sought damages for his loss of consortium. The jury returned a verdict of $319 for Worthy and $0 for her husband. Worthy and her husband appeal the trial court's denial of their motion for new trial.

On March 25, 1993, Worthy was a passenger riding in the front seat of a car driven by Minerva Williams. Williams was driving eastbound on East Thompson Street when she collided with a car driven by Matthews Charles Kendall. At the time of the collision, Kendall was in the process of turning right onto East Thompson from Glendale Road. It is undisputed that traffic entering East Thompson from Glendale is required to stop and yield the right-of-way to traffic traveling on East Thompson pursuant to a stop sign erected on Glendale. The proximate cause of the accident, however, is in dispute.

Kendall testified that he stopped at the stop sign on Glendale and noticed that two cars were traveling eastbound on East Thompson Street, the second car being the vehicle driven by Williams. The first vehicle had its turn signal on and slowed down to make a right-hand turn onto Glendale. As a result, Kendall believed it was safe to turn right onto East Thompson and did so. He further testified that Williams, rather than remaining behind the turning vehicle ahead of her, illegally passed it, resulting in the collision. Williams, on the other hand, testified that there was no turning vehicle ahead of her, and that Kendall simply failed to yield the right-of-way to traffic on East Thompson. Worthy testified that she did not see the accident occur because she was facing the back of the car at the time.

1. Worthy and her husband contend that the trial court erred in allowing the defendants to introduce, over objection, collateral source evidence of Worthy's receipt of disability benefits. The trial court overruled the objection on the grounds that Worthy's husband "opened the door" to such testimony when his counsel asked: "How have y'all handled the finances on [one] income?" and Mr. Worthy testified that he had exhausted his retirement fund and worked a large amount of overtime, which aggravated his own existing leg injury.

Evidence of disability payments is generally inadmissible under the collateral source rule. *Dietz v. Becker*, 209 Ga. App. 678, 680 (434 SE2d 103) (1993). "[I]mpeachment by evidence of collateral sources is only allowed if the false testimony is related to a material issue in the case. *Waits v. Hardy*, 214 Ga. 495, 496 (105 SE2d 719) (1958); *Mann v. State*, 124 Ga. 760 (53 SE 324) (1906)." *Warren v. Ballard*, 266 Ga. 408 (467 SE2d 891) (1996).

Georgia law does not authorize the Worthys to recover damages for the exhaustion of the husband's retirement fund or for the fact that he worked overtime to pay bills after his wife's accident. The financial resources of Worthy and her husband are irrelevant to the issue of damages. See *Denton v. Con-Way Southern Express*, 261 Ga.

41, 42 (402 SE2d 269) (1991), overruled on other grounds, *Grissom v. Gleason*, 262 Ga. 374, 376 (418 SE2d 27) (1992); see also *Warren*, supra (a plaintiff's anxiety over bills following an accident is immaterial). As a result, such testimony did not relate to a material issue and is not subject to impeachment by collateral source evidence. The proper remedy would have been for the defendants to object to this line of questioning. See *Warren v. Ballard*, supra.

We cannot say that the trial court's error in admitting evidence of Worthy's disability payments was harmless because it is likely that it negatively impacted the amount awarded by the jury. Compare *Dietz*, supra at 680. Accordingly, the trial court's judgment must be reversed and the case remanded for retrial consistent with this opinion.

2. We will address the remaining enumerations of error which are capable of repetition at retrial.

(a) The Worthys contend that the trial court erred in charging the jury on comparative negligence over their objection. At the time of the collision, Worthy had taken off her seatbelt and was riding backwards in the front seat propped up on her knees in order to look into a passenger's mouth, who was complaining that he had a broken tooth. In light of this evidence, the jury could have rationally believed that Worthy's position in the car at the time of the accident evidenced a failure on Worthy's behalf to use ordinary care, and contributed to the severity of her injuries. As long as there is "any evidence, however slight," that a plaintiff was negligent, a comparative negligence charge will not constitute reversible error. See *Beringause v. Fogleman Truck Lines*, 209 Ga. App. 470, 472 (433 SE2d 398) (1993).

Moreover, Williams testified that she failed to see Kendall's vehicle until she was about 10 feet from it, although there was at least 100 feet of visibility in front of the intersection and she testified that no other cars were ahead of her. From this evidence, a jury could infer that Williams' view may have been blocked by Worthy at the time of the accident. As long as there is some slight "indirect evidence from which a jury might infer that" a passenger was riding in a position that is likely to interfere with the driver's view ahead or to the sides in violation of OCGA § 40-6-242 (b), it is not an error to give a charge on comparative negligence. *Brown v. Sims*, 174 Ga. App. 243, 246 (329 SE2d 523) (1985). As a result, this enumeration of error is without merit.

(b) The Worthys contend that the trial court erred in giving jury charges as to OCGA § 40-6-46 (no-passing zones), OCGA § 40-6-45 (driving left of the centerline), and OCGA § 40-6-180 (basic rules of the road).

The Worthys contend that it was error for the trial court to give the preceding charges because the negligence of Williams, as the host

driver, cannot be imputed to Worthy, the passenger. See *King v. Parson*, 149 Ga. App. 28, 29-30 (253 SE2d 426) (1979). In his defensive pleadings, and in his testimony at trial, however, Kendall alleged that the negligence of Williams, the host driver, was the sole proximate cause of the accident.[1] "The issue of the host driver's negligence as constituting the sole proximate cause of the plaintiff's injuries having been injected into this case by the defensive pleadings and the evidence, it was pertinent for the trial judge to charge the jury on this subject. [Cit.]" *Stroud v. Willingham*, 126 Ga. App. 156, 160 (190 SE2d 143) (1972). As a result, this enumeration is without merit.

*Judgment reversed and case remanded. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED JULY 15, 1996.

*Richard T. Bridges*, for appellants.
*Alan W. Connell*, for appellees.

---

[1] Although Kendall pled guilty to the traffic citation he received for failing to yield the right-of-way, such guilty plea does not establish as a matter of law that Kendall was negligent. See *Peacock v. Strickland*, 198 Ga. App. 406, 407 (401 SE2d 601) (1991).