## A97A0357. WHITE v. THE STATE.

(488 SE2d 83)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and found not guilty of aggravated child molestation and guilty of child molestation. The victim (11 years of age at the time of trial) testified that her sleep was disturbed early one morning when she felt something contact her "b--t hole." The victim testified that she turned and discovered defendant, her mother's cousin, in her bed; that defendant's sex organ was exposed and that defendant restrained her attempt to "get up" and scream. The victim's 13-year-old brother testified that he heard the victim's struggle; that he went to investigate and that he caught defendant in the victim's bed with his pants down and "his hand over her mouth." The victim's brother testified that defendant "jumped up real fast" when he entered the room and "[p]ulled up his pants." The victim's mother testified that her children awakened her early one morning (when defendant was a guest at her home) and reported that defendant had sexually assaulted the victim. The victim's mother testified that defendant left after she confronted him with these accusations. Officer Gary Stanfield of the City of Marietta Police Department testified that he apprehended defendant shortly after the reported assault; that he questioned defendant and that defendant made the following statement: "I was tired, so I laid down beside the girl, and we started kissing and making out, you know. [The victim] told me if I had some money I could get some. But I said f--k all that. Then she got mad and started saying I raped her. And I don't need all that kind of trouble, so I just ran off." Changing his story at trial, defendant testified that he wandered into the victim's bedroom, partially impaired by alcohol, not knowing the victim's bed was occupied and that he laid "spread eagle" on the bed, fell asleep and then "must have hit [the victim] or touched her or rolled over or something." Defendant further testified that he had his chef's uniform on while he was in the victim's bed and that he never had "any

sexual contact at all with" the victim.[1]

This appeal followed the denial of defendant's motion for new trial. *Held*:

1. Defendant's contention that the evidence is insufficient to sustain his conviction for child molestation is without merit. The victim's testimony alone is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of child molestation. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Hardy v. State*, 210 Ga. App. 811, 813 (4) (437 SE2d 790).

2. Contrary to defendant's second enumeration of error, the State's attorney was not out of line when he reasoned during his closing argument that defendant's flight from the crime scene is evidence of defendant's guilt. *Renner v. State*, 260 Ga. 515, 517 (3) (b), 518 (397 SE2d 683). Defendant, nonetheless, suggests "that it is now time for the trial courts [and apparently the Court of Appeals] to disregard [the Supreme Court's holding in] *Renner* to the extent it permits the state to argue flight." We, however, cannot disregard the Supreme Court of Georgia. "It is as elemental as ABC that the Court of Appeals is bound by decisions of the Supreme Court." *Hogan v. State*, 118 Ga. App. 398, 400 (163 SE2d 889).

3. Defendant contends his testimony, that he "must have hit [the victim] or rolled over or something," required the trial court to give his requested jury charge on the defense of accident. Although the trial court may have erred in failing to give defendant's request to charge on the defense of accident, *Metts v. State*, 210 Ga. App. 197 (2), 198 (435 SE2d 525), we find it highly unlikely that this omission affected the jury's verdict as the evidence of defendant's guilt is overwhelming. See *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869).

4. Defendant asserts ineffective assistance of trial counsel, arguing he was denied a fair trial because of 15 alleged trial errors or omissions. Not one of these allegations, however, is supported in defendant's brief by specific citation to the record or transcript. "In the absence of such reference, the Court will not search for or consider such enumeration." Court of Appeals Rule 27 (c) (3) (i).

*Judgment affirmed. Beasley and Smith, JJ., concur in the judgment only.*

DECIDED JUNE 13, 1997.

Before Judge Staley.

*Lauren L. Becker*, for appellant.

---

[1] The parties stipulated that a physician's medical examination of the victim shortly after the assault revealed no signs of physical or emotional trauma.

*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Frank R. Cox, Assistant District Attorneys*, for appellee.