## A97A2428. McGEE v. JONES.
### (499 SE2d 398)

ELDRIDGE, Judge.

Eddie McGee appeals from a judgment entered upon a jury verdict in favor of Elisa A. Jones. Jones sought damages for injuries Jones sustained when she fell from a swing on the porch of a house she rented from McGee. McGee contends the trial court erred by allowing Jones to introduce in evidence a new swing which was not substantially similar to the actual swing; erred by allowing Jones to testify over his objection that she could not afford to have the surgery her doctors recommended; erred by refusing to allow McGee to introduce evidence of Jones' Medicaid coverage at the time of the incident; erred by permitting Jones to argue that legal accident was not the law in Georgia; and also erred by giving the jury an unauthorized charge on the liability of a landlord for improper repairs.

The evidence showed that Jones rented a home from McGee in June 1993, and on September 10, 1993, she fell from a swing that was on the front porch of the house. Before he rented the house to Jones, McGee and his family had lived in the house for many years, and he rented the home to other tenants. While he lived in the house, McGee installed the swing in question, which allegedly had been in his family's possession since before 1931, on the front porch and he used the swing nearly every day. On one occasion, McGee flipped out of the swing while he and his daughter were engaging in horseplay. Other than this incident, however, nothing had occurred with the

swing to cause McGee to believe that the swing was dangerous or unsafe.

Before renting the house to Jones, McGee painted and inspected the swing, and he had painted the swing on other occasions and had replaced the chains. About three months after Jones moved into the house, she fell out of the swing. She had only used the swing two or three times in the months she lived there, and she had not noticed any problems with the design, construction, or condition of the swing before her injury.

Jones testified at trial that on the day of her injury she was sitting in the swing and when she turned and leaned back, she flipped out of the swing, fell, and injured her shoulder. Although a bolt attaching the chain to the swing was broken, Jones contends that the bolt broke after she was flipped out of the swing.

Thereafter, Jones filed suit against McGee contending that the swing was defective because it had a propensity to turn over backward, that McGee had actual or constructive knowledge of this defect, and that she was not aware of the defect. The main issue at trial was whether McGee knew or should have known that the swing was defective. After a jury trial, a verdict was reached in favor of Jones for $135,000. This appeal followed. *Held*:

1. McGee first alleges that during the trial Jones introduced in evidence a swing that he contended was not similar to the swing from which Jones fell, and he contends that it was error to allow the introduction of this new swing because it was not truly similar and because the actual swing was available. Thus, he contends a proper foundation was not laid for introduction of the swing. Jones contends, however, that use of the new swing was warranted because it was similar to the old swing, except for the positions of the chains, and, further, although the swing was not introduced in evidence, use of the new swing also was warranted because she could not use the old swing for demonstrative purposes as it was broken. Thus, Jones asserts that the new swing was merely demonstrative evidence, and that, in any event, McGee waived the issue because he used the new swing in his case in chief and in closing argument.

Use of demonstrative evidence and conducting demonstrations during the course of a trial rest in the sound discretion of the trial judge. See *Ruger v. State*, 263 Ga. 548 (436 SE2d 485) (1993); *Powell v. State*, 226 Ga. App. 861 (487 SE2d 424) (1997); *Atkinson v. State*, 170 Ga. App. 260, 263 (316 SE2d 592) (1984). Although the old swing was available, the record shows that it was broken and not suitable for use to demonstrate how either Jones or McGee was thrown out of the swing. Therefore, under the circumstances of this case, we find no abuse of the trial court's discretion in allowing the swing to be used as demonstrative evidence.

To the extent that McGee seeks to argue that the trial court should not have allowed Jones to argue that the new swing showed that the old swing was unsafe, that issue is not included within the enumeration of error and we cannot consider it. " 'An enumeration of error cannot be enlarged to include other issues not made therein.' " *Hurston v. Ga. Farm &c. Ins. Co.*, 148 Ga. App. 324, 326 (250 SE2d 886) (1978). Further, appellate review cannot be enlarged or transformed through switching, shifting, or mending your hold. *Ailion v. Wade*, 190 Ga. App. 151, 155 (378 SE2d 507) (1989); *Redwing Carriers v. Knight*, 143 Ga. App. 668, 674 (239 SE2d 686) (1977). Accordingly, this other issue cannot be considered. *Sanders v. Hughes*, 183 Ga. App. 601, 604 (359 SE2d 396) (1987).

2. McGee contends the trial court erred by allowing Jones to testify that she could not afford to have surgery that her doctors recommended, as this evidence was inadmissible since he had raised no issue regarding her failure to have the surgery. Jones contends, however, that the evidence was admissible because McGee had requested a charge stating that the failure to follow physician's recommendations can result in the loss of damages.

The financial resources of a party generally are not relevant in a tort action. *Worthy v. Kendall*, 222 Ga. App. 324, 325-326 (474 SE2d 627) (1996). Further, in *Warren v. Ballard*, 266 Ga. 408 (467 SE2d 891) (1996), our Supreme Court held that such evidence was not generally admissible because the lack of money to pay medical bills did not relate to any material issue in the case. See also *Worthy v. Kendall*, supra. While at first blush it would appear that *Warren v. Ballard*, supra, would demand that this evidence be excluded, Jones contends that this evidence was admissible to show why she did not have the surgery that her doctors recommended. Thus the evidence that Jones could not afford to have the recommended surgery was material under the circumstances of this appeal, because the record shows that McGee had requested that the jury be charged that "except in cases involving severe and grave operations, one must follow the expert recommendation of her physician or she cannot recover damages which might have been avoided thereby." Because this evidence of Jones' worldly circumstances related to an issue to be tried, it was admissible and the trial court did not err by admitting this evidence.

3. McGee also contends the trial court erred by not allowing him to cross-examine Jones about her entitlement for Medicaid and whether Medicaid would pay for the surgery as it had other medical bills, including the bills for the deliveries of her children. Thus, McGee argued that he should be allowed to show that Jones had resources available to pay for the surgery. This is the opposite side of the issue raised in Division 2, and if the trial court was correct in

allowing the evidence in the first instance, it would seem that McGee should have been allowed to show that Jones' testimony was false. Under these circumstances, *Warren v. Ballard,* supra, would not exclude this evidence because a party is allowed to rebut admissible evidence that is material to issues in the case.

Review of the transcript, however, shows that the trial court excluded evidence of Jones' entitlement to Medicaid because McGee was unable to prove that Medicaid was available to pay for the surgery Jones required and the trial court did not feel that the burden should be placed on Jones to prove that Medicaid would not pay for her surgery. The trial court specifically ruled, however, that McGee would be allowed to prove that Medicaid would pay for the surgery. Ultimately, McGee made a proffer outside the presence of the jury that some of Jones' medical bills were paid by Medicaid and some were not.

As a general rule, admission of evidence is a matter resting within the sound discretion of the trial court, and appellate courts will not disturb the exercise of that discretion absent evidence of its abuse. *Whisnant v. State,* 178 Ga. App. 742, 743 (344 SE2d 536) (1986). The trial court's ruling allowed McGee to introduce evidence that Medicaid would have paid for the recommended surgery, but McGee did not choose to do so. Under these circumstances, we do not find that the trial court abused its discretion by refusing to allow McGee to inquire of Jones about the availability of Medicaid to pay for the recommended surgery.

4. We also find no error in the trial court giving a charge on the liability of a landlord for improper repairs. A jury charge is authorized by the evidence if there is some evidence from which a legitimate process of reasoning can be carried on in respect to the charge (*T. G. & Y. Stores Co. v. Waters,* 175 Ga. App. 884, 886 (334 SE2d 910) (1985)), and this is true even if the great preponderance of the evidence is to the contrary. *Lyles v. State,* 130 Ga. 294 (60 SE 578) (1908). As there is evidence that McGee repainted and put new chains on the swing, that was sufficient to authorize this charge.

5. McGee contends the trial court erred by allowing Jones' counsel to argue that legal accident is not the law in Georgia. We disagree.

In his closing argument, McGee's counsel stated, "Ladies and gentlemen, my opinion, or I contend that you should find based on the evidence that what we have here is a legal accident." Later counsel argued: "At any rate, I think this is a clear case where it is a legal accident. There is no reason for the defendant to foresee that this was going to happen. He didn't know of a problem with the swing so therefore, how could he warn somebody of a problem with the swing."

In response, Jones' counsel argued: "Ladies and gentlemen,

that's a fine argument except for one thing. You're going to hear the charge of the judge in a minute and his whole argument to you is saying there's such a thing as legal accident. There's no such thing." McGee's counsel immediately objected: "It's perfectly proper to argue legal accident. The Supreme Court has ruled that it is not a charge —." Jones counsel interposed: "That's improper. Now, he moved in limine not to talk about what appellate courts say and he's already talked about appeals courts once, letting everybody know he's going to appeal. You shouldn't be talking about what the Supreme Court said. He moved in limine."

After the trial court ruled, "I'm not going to charge accident," Jones' counsel continued with his argument: "Because, ladies and gentlemen, it is not the law in Georgia. There is no such law as legal —." McGee's counsel again objected: "Your honor, I would like to interpose an objection as argumentative. It's patently misleading to the jury." When the trial court again overruled the objection, Jones' counsel continued: "There is no such thing as legal accident. What he has argued to you is fiction. He is suggesting to you there is a law that provides for legal accident and you won't hear about one. There is no such thing." McGee contends the trial court erred by allowing Jones' counsel to argue in that fashion because it caused the jury to believe that McGee's counsel had made an illegal and improper argument.

In *Tolbert v. Duckworth*, 262 Ga. 622 (423 SE2d 229) (1992), the Supreme Court on certiorari affirmed this Court's holding in *Tolbert v. Duckworth*, 202 Ga. App. 873 (415 SE2d 911) (1992). This Court held that the charge to the jury of legal accident was not reversible error where the facts of the case supported such charge. In affirming such holding, the Supreme Court held: "We granted the writ of certiorari to determine whether the jury instruction on accident should be eliminated as a defense in civil cases. We conclude that the accident charge should not be given in future civil cases and affirm. . . . We choose to follow the jurisdictions that have repudiated the use of the accident instruction in all civil cases as unnecessary, misleading, and confusing. The defense of inevitable accident is nothing more than a denial by the defendant of negligence, or a contention that his negligence, if any, was not the proximate cause of the injury. The standard instructions on negligence, proximate cause, and burden of proof are sufficient to instruct the jury that the plaintiff may not recover when an injury occurs without the defendant's fault. Therefore, the instruction on accident should no longer be given in civil cases in Georgia after January 21, 1993, the date this opinion is published in the advance sheets of the Georgia Reports." (Citations and punctuation omitted.) *Tolbert v. Duckworth*, supra, 262 Ga. at 622-624; see also *Handy v. Speth*, 210 Ga. App. 155, 156 (1) (435 SE2d 623) (1993);

*Horne v. Care More*, 208 Ga. App. 718 (431 SE2d 480) (1993); *Meeks v. Cason*, 208 Ga. App. 658, 660 (1) (431 SE2d 407) (1993); *Travitt v. Grand Union Co.*, 207 Ga. App. 810, 812 (1) (429 SE2d 309) (1993). Thus, the Supreme Court abolished the defense of "legal accident" in Georgia. The defense cannot argue to the jury "legal accident," because such defense was abolished. *Tolbert v. Duckworth*, supra, did not sanction such argument, even though footnote 2 reads: "The defense ['legal accident'] is a more appropriate subject for argument by counsel to the jury. [Cit.]" Id. at 624. This footnote was not saying that "legal accident" survived to be argued to the jury, but that "denial by the defendant of negligence, or a contention that his negligence, if any, was not the proximate cause of the injury" were proper jury arguments by defense counsel.

To allow defense counsel to instruct the jury on "legal accident" and to argue such defense when the trial court is prohibited from charging the jury on "legal accident" creates the absurd result of the two problems that the Supreme Court sought to avoid in its decision. Referring to the then-existing pattern jury charge on "legal accident," the Supreme Court held: "[t]he first paragraph is misleading in that it implies an accident occurs when the negligence of someone other than the plaintiff or defendant causes the plaintiff's injuries. The second paragraph's reference to the word 'accident' creates confusion because of the difference between the legal definition of 'accident' and the commonly understood meaning of the word as an unintended act." Id. at 623. Therefore, the Supreme Court never intended to permit defense counsel in a partisan fashion to create such problems for the jury through oral argument and then have the trial court sanction the plaintiff's lawyer for properly objecting or arguing that "legal accident" was not the law of Georgia.

The trial court did not err.

*Judgment affirmed. Pope, P. J., Johnson and Blackburn, JJ., concur. Andrews, C. J., Birdsong, P. J., and Ruffin, J., dissent.*

BIRDSONG, Presiding Judge, dissenting.

Although I concur with the majority in Divisions 1 through 4, I must respectfully dissent from Division 5 because I cannot agree with the majority's conclusion that *Tolbert v. Duckworth*, 262 Ga. 622 (423 SE2d 229) abolished the defense of legal accident. Further, I must also dissent because I cannot agree that the trial court did not err by allowing Jones' counsel to argue that there is no such thing as a legal accident, by admonishing McGee's counsel about what he should not be arguing about, and by asserting that McGee's counsel's argument was fiction because there is no such thing as a legal accident.

1. *Tolbert v. Duckworth* speaks for itself; our Supreme Court

stated, "[w]e choose to follow the jurisdictions that have repudiated the use of the accident instruction in all civil cases as unnecessary, misleading and confusing. [Cits.] The defense of inevitable accident 'is nothing more than a denial by the defendant of negligence, or a contention that his negligence, if any, was not the proximate cause of the injury.' [Cits.] The standard instructions on negligence, proximate cause, and burden of proof are sufficient to instruct the jury that the plaintiff may not recover when an injury occurs without the defendant's fault. Therefore, the instruction on accident should no longer be given in civil cases in Georgia after January 21, 1993, the date this opinion is published in the advance sheets of the Georgia Reports. [Cit.]" (Footnotes omitted.) *Tolbert v. Duckworth*, supra at 623-624.

Of course, in footnote 2 the Supreme Court stated: "The defense is a more appropriate subject for argument by counsel to the jury. [Cit.]"

This situation is analogous to the Supreme Court's actions regarding the defense of flight: "[W]hile the state may offer evidence of and argue flight, it shall be reversible error for a trial court in a criminal case to charge the jury on flight." *Renner v. State*, 260 Ga. 515, 518 (3) (b) (397 SE2d 683). Thus prosecutors are allowed to argue that a defendant's flight from the crime scene is evidence of guilt even though *Renner v. State*, supra, prohibits a charge on the subject. See, e.g., *White v. State*, 226 Ga. App. 822 (488 SE2d 83) (physical precedent). Now, however, the majority would take away defendants' right to argue that they are not liable because the plaintiff's damages were the result of an accident in which no one was negligent. This is contrary to *Tolbert v. Duckworth*, and consequently, it is not our law.

2. Additionally, I believe that the trial court erred by its failure to curb Jones' improper response to McGee's argument. Although the control of the range of counsel's argument is vested in the discretion of the trial court and appellate courts will not interfere with the exercise of that discretion unless it can be shown that the discretion has been manifestly abused and some positive injury has been done (*Towns v. State*, 191 Ga. App. 229, 230 (381 SE2d 405); *Sanders v. State*, 156 Ga. App. 44, 45 (274 SE2d 88)), the record in this case shows such a manifest abuse of discretion.

I believe McGee's argument that Jones' injury was the result of an accident was authorized by footnote 2 of *Tolbert v. Duckworth*, supra at 624. Therefore, Jones' response that McGee's argument was "fiction" and that there is no such thing as a legal accident was a misrepresentation and to the extent that it accused McGee's counsel of seeking to mislead the jury about the law, it was improper. *Garrison v. Rich's, Inc.*, 154 Ga. App. 663, 664 (269 SE2d 513). Therefore, I

believe the trial court erred by not sustaining McGee's objections to Jones' arguments. Moreover, I am concerned that Jones' counsel was allowed to rebuke McGee's counsel before the jury regarding comments about the Supreme Court's decision on this issue. If McGee's counsel violated a ruling of the trial court, Jones' remedy is to seek relief from the court and not to admonish opposing counsel. Accordingly, I believe that the trial court failed in its responsibility to control the argument of counsel and abused its discretion in this manner. OCGA § 9-10-185. See *Bell v. State*, 263 Ga. 776 (439 SE2d 480); *Central of Ga. R. Co. v. Swindle*, 260 Ga. 685, 686 (398 SE2d 365).

Moreover, even if McGee's argument was mistaken in some respect, it was not fiction and it was not an attempt to mislead the jury as Jones suggested. Thus, I believe the trial court had the responsibility to clarify the matter for the jury and not leave them with the impression that Jones' comments regarding the defense of accident were correct.

Thus, having found error, I would test for prejudice and in my opinion it exists in this case. Jones' medical expenses were $2,547 and she faced future medical expenses of $8,000. Although Jones initially requested that the jury award her $75,000 in damages and in closing argument again mentioned $75,000, and she finally requested $100,000, the jury returned a verdict of $135,000. As the amount awarded by the jury was more than one-third more than any sum Jones sought in argument and approaches twice as much as the amount she sought initially, I cannot say that McGee was not prejudiced by allowing the improper argument. Therefore, I would reverse the judgment and remand for a fair trial.

Accordingly, I respectfully dissent.

I am authorized to state that Chief Judge Andrews and Judge Ruffin join in this dissent.

DECIDED MARCH 20, 1998 —
RECONSIDERATION DENIED APRIL 2, 1998.

*Beck, Owen & Murray, William M. Dallas III*, for appellant.
*Christopher C. Edwards, Michele K. Ogletree*, for appellee.