# MARYLAND REPORTS.

APRIL TERM, A. D., 1872.

JAMES CASEY *vs.* THOMAS SUTER, by his next
friend, THOMAS R. SUTER.

*Bailment — Commodatum — Practice in the Court of
Appeals.*

A loaned a sulky and harness, the former the property of his father, to
B, to drive and exercise his horse over the track of the Fair grounds of
an Agricultural Society. Whilst so driving, the horse ran away and
broke, and greatly injured or destroyed the articles loaned. HELD:

That the lender, though not the owner of the sulky, could maintain an
action against the borrower to recover its value, and such recovery
could be pleaded in bar by him in a subsequent suit by the owner.

A prayer by the defendant, asking the Court to instruct the jury "that
there is no evidence in the cause, by which the plaintiff can recover
under either count in his declaration," is too general in its terms, under
the Act of 1825, ch. 117, to present for review by the Appellate Court,
the question of the admissibility under the pleadings, of the evidence
in the cause.

APPEAL from the Circuit Court for Montgomery County.

This was an action of *assumpsit* brought by the appellee
against the appellant. The facts of the case are sufficiently
stated in the opinion of the Court. The defendant offered
eight prayers which the Court rejected, and in lieu thereof
gave the following instructions:

1          v. 36.

1st. If the jury believe from the evidence, that any payment was made by the defendant to the plaintiff, after the institution of this suit, then, under the pleadings in this cause, said payment cannot be allowed or considered by the jury.

2d. If the jury believe from the evidence in the cause that the defendant borrowed from the plaintiff, the sulky and harness in question, and that they were injured or destroyed while in the possession of the defendant, without any fault or negligence on his part, then the plaintiff is not entitled to recover in this action.

The defendant excepted to the rejection of his prayers, and to the instructions given by the Court, and the verdict and judgment being against him, he appealed.

The cause was submitted on briefs to BARTOL, C. J., GRASON, ALVEY and MILLER, J.

*George Peter* and *James Henderson,* for the appellant.

*Richard M. Williams,* for the appellee.

MILLER, J., delivered the opinion of the Court.

The proof in this case shows that the defendant *borrowed* from the plaintiff a sulky and harness in order to drive and exercise his horse over the track in the fair grounds of an agricultural society, and whilst so driving, the horse ran away, and broke, and greatly injured or destroyed the sulky. The declaration is in *assumpsit* and contains only the counts for goods bargained and sold, for work done and materials provided, and the common money counts. The case was tried on issue joined on the plea of *non assumpsit.* Testimony on both sides was offered and admitted without objection, and thereupon the defendant offered eight prayers which were rejected, and the Court gave two instructions in lieu thereof. These rulings are presented for review.

Casey *vs.* Suter.

The contract between the parties constitutes that species of bailment usually called *commodatum*, or the loan of an article for a certain time to be used by the borrower without paying for the use, and then to be specifically returned. It appeared in proof that the sulky was the *property* of the plaintiff's father and not of the plaintiff, though the latter had it in his possession, use, and control, at the time it was thus borrowed by the defendant, and the contract of borrowing was made with the plaintiff alone. The defendant's first and second prayers deny the right of the plaintiff to maintain the action, and assume that none but the general owner can sue. This proposition is obviously wrong, for it is quite clear that any one clothed by the owner with rightful possession of the property, may maintain an action for breach of a contract like the present, and recovery therein will be full satisfaction, and may be pleaded in bar of any subsequent suit by the latter. There was no error in rejecting these prayers.

The third, fourth, and fifth prayers have been abandoned, and that necessarily concedes the correctness of the Court's first instruction. The sixth prayer asserts that if the articles were used according to the purpose of the loan, the defendant is not responsible for any accidents that were consequent upon such use. This fails to state the true measure of obligation and responsibility for neglect resting upon the bailee under this species of bailment, and was properly rejected.

The appellant has no cause to complain of the rejection of his seventh prayer, which exempts him from responsibility, if the jury find the injury was occasioned by unavoidable accident, because he had the benefit of the Court's second instruction to the effect that, if the jury found the defendant borrowed from the plaintiff the sulky and harness in question and that they were injured or destroyed while in the defendant's possession, without any fault or negligence on his part, then the plaintiff is not entitled to recover. This covers the ground of the seventh prayer and states the law as favorably for the defendant as any of the authorities will warrant; and

whether the plaintiff was entitled to a more favorable instruction, is a question not before us.

The eighth prayer, "that there is no evidence in this cause by which the plaintiff can recover under either count in his declaration," is too general in its terms to open in this Court the question which has been argued under it. It is not contended there was no evidence or an entire failure of evidence, upon any point essential to the plaintiff's case, but that the evidence in the cause and before the jury was not *admissible under the pleadings,* or in other words, that there was a variance or non-correspondence between the *allegata* and *probata.* If the defendant designed to raise this point, he should have done so by excepting to the admissibility of the testimony when offered, or by a prayer asking its exclusion from the consideration of the jury on that ground, or presenting the question of variance or non-admissibility under the issues in direct and positive terms, so that the plaintiff could have had in the Court below an opportunity to amend his *narr.* by adding an appropriate count. A precisely similar question was decided in *Penn vs. Flack & Cooley,* 3 *G. & J.,* 369. The suit there was by endorsees against the maker of a negotiable promissory note. The declaration contained the common money counts and a count upon the note averring its endorsement by the payee *before* maturity. Two questions were argued, *first,* whether the note was admissible under the count for money had and received, and *secondly,* whether it is a material variance to declare that the note was endorsed before it fell due, and to offer proof of an endorsement after it fell due. The Court decided both questions, the former in the affirmative and the latter in the negative, but they expressly held that the prayer in the first exception, "that the plaintiffs, upon the evidence, are not entitled to recover upon either count in the declaration," was too general under the Act of 1825 to present either question for review by the Appellate Court. That case was pointedly approved in *Hatton vs. McClish,* 6 *Md.,* 417, where the Court say it was one of

the earliest decisions upon the subject, and correctly expounds the true theory of the Act of 1825, ch. 117, and would in future be adhered to. No modification since made of this law has changed its provisions in this respect. For these reasons, and without deciding the question argued under this prayer, we must affirm its rejection.

*Judgment affirmed.*

(Decided 6th May, 1872.)