ANNA C. KALINE *vs.* JESSICA DAVIDSON.

*Automobile Collision—Prayers and Instructions—Unavoidable Accident—Law of the Road.*

In an action based on negligence the jury may reject the conclusions and theories contended for by the parties, and conclude that the accident was unavoidable, provided, on any of the facts and inferences from them, pieced together, such a conclusion is reasonably possible. p. 223

In an action for injuries received in an automobile collision, *held* that the evidence did not exclude all possibility of a theory of unavoidable accident or one free from negligence, and hence it was proper to grant a prayer that if the collision was due to an unavoidable accident unmixed with negligence on the part of either party, then the verdict should be for the defendant.

pp. 222, 223

Plaintiff's evidence being that the car in which she was riding was forced by defendant from the right-hand side of the road and compelled to turn to the left, it was error to grant defendant's prayer that the verdict should be for defendant if the automobile in which plaintiff was riding turned to the left of the center of the highway, unless defendant, by the exercise of reasonable care, would have stopped or turned her car in time to prevent the accident.                    p. 224

Turning to the left, contrary to the rule of the road, is, generally speaking, no more than *prima facie* proof of negligence.

p. 224

The grant of an erroneous prayer is not ground for reversal, if it does not appear that the jury were misled thereby, and it appears that they were fairly instructed in all the granted prayers combined.                    p. 225

The grant of a prayer that if the automobile in which the plaintiff was riding did not turn to the right of the center of the highway upon meeting that driven by defendant, the failure to do so was evidence of negligence, and if it caused plaintiff's injury the verdict should be for defendant, *held* to be proper under the circumstances testified to.                    pp. 225, 226

There having been a possible suggestion, in some of the questions to witnesses, that there was negligence in the defendant's occupying the middle of the road as she approached plaintiff, it was proper to instruct the jury that the driver of an automobile has the right to proceed along the middle of the road, but must be prepared to turn to the right in time to allow an approaching vehicle to pass on its right, if its driver is using such care as an ordinarily prudent person would use under the like circumstances.                    p. 226

That defendant's granted prayers did not state that the negligence of the driver of the car in which plaintiff was riding

would affect the suit only if that negligence was found to be the sole cause of the collision, *held* not to constitute error, the plaintiff's granted prayers clearly defining the effect of such negligence.

*Decided June 21st, 1924.*

Appeal from the Baltimore City Court (STUMP, J.).

Action by Anna C. Kaline against Jessica Davidson, sometimes called Mrs. H. Bradley Davidson, Junior, and Jessica S. Kelley. From a judgment for defendant Jessica Davidson, after a dismissal of the suit as to Jessica S. Kelley, plaintiff appeals. Reversed.

The cause was argued before PATTISON, URNER, ADKINS, OFFUTT, DIGGES, and BOND, JJ.

*Michael James Manley* and *Charles F. Harley,* for the appellant.

*Walter L. Clark,* with whom were *Bowie & Clark* on the brief, for the appellee.

BOND, J., delivered the opinion of the Court.

This suit is one for the recovery of damages for personal injuries sustained in a collision of two automobiles which approached each other from opposite directions and came together on Charles Street Avenue at about the boundary line between Baltimore City and Baltimore County. The plaintiff, now the appellant, was riding as a guest in the car of Sweetser Linthicum, which the owner was driving north. Mrs. Davidson was driving south. The collision occurred on the west side of the roadway, which was, of course, on Mrs. Davidson's right hand side, and Mr. Linthicum's left hand side. The verdict of the jury and the judgment were for the defendant. On the appeal the Court is asked to consider only exceptions on behalf of the plaintiff, or appellant, to the granting of the defendant's second, fifth, sixth and sixth and one-half prayers for instructions to the jury.

The appellant and the witnesses on her behalf testified, in effect, that as the two cars approached each other Mrs.

Davidson's car swerved or zigzagged somewhat, and then ran over to its left, on Mr. Linthicum's side of the road, pressing him over to his right as far as possible, until at the last moment Mr. Linthicum was forced to make a sharp turn over to his left; that at the same moment, however, Mrs. Davidson turned over to her right, that is in the same direction, so that the two cars ran together to the west side of the road, and collided so as to cause the injuries complained of. On behalf of Mrs. Davidson the testimony was to the effect that as she drove down the middle of the road, a few inches, perhaps, to the right of the center, Mr. Linthicum, coming on his own right-hand side, turned a little toward her as if to make her yield the middle of the road; that she did yield, but that Mr. Linthicum's car kept coming toward her right, forcing her to run further over in the same direction and that thus the cars ran together on the west side of the road.

Two prayers for instructions offered by the plaintiff, and both granted, set out the general principles of primary negligence and contributory negligence, without particular application to details of the movements of the two cars. The defendant's first prayer, also granted, was likewise of a general nature. By the granting of the second prayer the jury were instructed that if they should find that the collision "was due to an unavoidable accident unmixed with negligence on the part of either the said Jessica Davidson or the plaintiff, then the verdict of the jury shall be for the defendants." And to this the appellant filed a special exception, and objected that the evidence all tended strongly to prove negligence on the one side or the other, and that there was no evidence to prove that the collision was unmixed with negligence and unavoidable, which is the hypothesis of this prayer. The jury, of course, were not bound by the conclusions and theories contended for by the parties; juries are always at liberty to reject these and come to a conclusion that the accident was unavoidable if on any of the facts and inferences from them, pieced together, such a conclusion is at all reasonably possible. And here, after a review of the evidence, we cannot say that it excludes all possibility of a

theory of unavoidable accident, or one free from negligence. Therefore, we do not find error in the ruling on this prayer.

Upon the defendant's fifth prayer, the jury were instructed on the rule of the road that vehicles upon meeting others shall turn to the right of the center so as to pass without interference, and, in addition, were instructed that if they should "believe from all of the evidence in this case that the automobile in which the plaintiff was riding turned to the left of the center of the highway and collided with the automobile driven by the defendant, Jessica Davidson, at or near the hedge on the west side of Charles Street Avenue, then the verdict of the jury shall be for the defendants, unless they shall believe that the defendant, Jessica Davidson, would by the exercise of reasonable care have stopped or turned her car after seeing the plaintiff's car in a position of danger in time to have prevented the accident." Probably this prayer was drawn, and the instruction given, with the intention that its application should be confined only to the situation ordinarily presented when two cars approach each other, and that it had no bearing on an extraordinary situation such as the plaintiff's witnesses described. But it contains in itself no such limitation on its application; it instructs the jury on the whole case, and instructs them that a turning to the left for any purpose, to meet even such a situation as the plaintiff described, would require a verdict for the defendant. And clearly it would not. Such a turn to the left contrary to the rule of the road, would, generally speaking, be no more than *prima facie* proof of negligence in any case. *Kelly* v. *Huber Baking Co.*, 145 Md. 321. And the plaintiff's theory of the accident, as stated in the testimony on her behalf, cannot be disregarded as one which if believed would still leave the defendant entitled to a verdict. If the driver of the car in which she was riding was, in fact, forced by the defendant from his own right-hand side of the road, his turning to the left in consequence of it, would not make his action the negligent cause of the collision, and establish defendant's freedom from liability. The *prima* *facie* presumption which might arise if an unexplained turn

to the left were the only cause testified to, as was said in *Bragdon* v. *Kellogg,* 118 Me. 42, 50, "may be rebutted by showing a case of emergency, in which a party may be justified in taking the wrong side of the road; and the exception proves the rule that one cannot take the wrong side deliberately, when it is his duty to turn seasonably to the right, whether from actual observation, or legal anticipation of an approaching car." The Court has examined the other granted prayers to see whether on the whole the jury were fully and fairly instructed. We do not know whether as a matter of fact the jury were misled by the granting of this fifth prayer, and if it appeared that they were fairly instructed in all the granted prayers combined, we should not order the present judgment reversed as an unacceptable settlement of the litigation. *Hochschild, Kohn & Co.* v. *Cecil,* 131 Md. 70, 78; *Woodward* v. *Tyng,* 123 Md. 98, 119; *Gill* v. *Staylor,* 93 Md. 453, 471; *Matthews* v. *J. B. Colt Co.,* 145 Md. 667. But we find no such ground for avoiding a reversal. The plaintiff's prayers were general, and so were the other granted prayers of the defendant except the sixth, and their general principles, instead of supplementing and restricting the defendant's fifth prayer would seem rather to be themselves interpreted and given specific application by it. The sixth prayer, as will be observed on the further discussion of it, offers no cure for the defect in the fifth.

The sixth prayer again states the rule of the road that automobiles on meeting each other shall turn to the right of center so as to pass without interference, and then adds, "* * * and if the jury shall believe from all of the evidence in this case that the automobile in which the plaintiff was riding did not turn to the right of the center of the highway upon meeting the automobile driven by the defendant, Jessica Davidson, then the failure to do so was evidence of negligence, and if the jury shall believe that such failure caused the plaintiff's injury their verdict shall be for the defendants."

We find no defect in this prayer under the circumstances testified to. Upon the whole we think it would be taken by the jury as referring only to a meeting of the automobiles while driving in or about the center of the road, and the act to which it specifically directs their attention is a failure to turn to the right of the center. A finding of fact that the driver of the car in which the plaintiff was riding did not turn to the right of the center at all would be a complete rejection of his theory of the accident.

The prayer numbered six and one-half we find correct. It states a general principle only: "* * * that the driver of an automobile has the right to proceed on his or her journey along the middle of the road, but in doing so must be prepared to turn to the right in time to allow an approaching vehicle to pass on its right without collision if its driver is using such care as an ordinarily prudent person would use under the like circumstances."

It had its place in the case as an instruction to meet a possible suggestion, in some of the questions to witnesses, that there might have been negligence in the defendant's occupying the middle of the road as she approached, at any time before the collision.

There is a further objection that the defendant's fifth and sixth prayers do not make allowance for the fact that the plaintiff was only a guest, not driving, and that contributory negligence on the part of the driver with whom she rode would not preclude her recovering for injuries caused by negligence on the defendant's part, if there was any. It is true that these instructions do not say that such negligence would affect the suit only if that negligence were found to be the sole cause of the collision, but the instructions in the plaintiff's granted prayers clearly defined the effect of such negligence in the case, and we see no error in the granting of the defendant's prayers for this reason.

*Judgment reversed, with costs to appellant, and case remanded for a new trial.*