## A. SCHAPIRO *v.* CALVIN MEYERS.

[No. 64, October Term, 1930.]

*Decided January 14th, 1931.*

The cause was argued before Bond, C. J., Pattison, Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*Foster H. Fanseen,* for the appellant.

*Helen Sherry,* for the appellee.

Bond, C. J., delivered the opinion of the Court.

The defendant, in a suit by a pedestrian injured at a street crossing by an automobile driven by the defendant, seeks a review of rulings on prayers for instructions. The plaintiff,

a small boy, testified that as he was walking across at the intersection of three streets in Baltimore City, he was struck unexpectedly. And witnesses on his behalf testified further that he started across in a proper manner, and that the speed of the oncoming automobile was increased so that it reached the boy more quickly than would be expected. Witnesses for the defendant, on the other hand, testified that the boy suddenly started running from the sidewalk diagonally across the intersection as the automobile came along properly, and ran into the side of the automobile. A policeman testified that the boy said he had so run into the automobile.

The first ruling objected to is the refusal of a prayer for an instruction, the defendant's second prayer, that if the injury was found to have resulted from an unavoidable accident unmixed with negligence on the defendant's part, the verdict should be for the defendant. But as such a coming together of a pedestrian and an automobile could, under the circumstances, clearly have been avoided by care on one side or the other, plaintiff or defendant, the description of unavoidable accident appears to be inapplicable, and rejection of the prayer was proper for that reason. *Dwyer v. Chew,* 149 Md. 281, 285, 131 A. 350.

A third prayer was for an instruction commonly granted in similar cases. See, for instance, the defendant's second prayer in the case of *Zipus v. United Railways,* 135 Md. 297, 108 A. 884. In substance, it is that there can be no recovery unless the plaintiff has shown by a preponderance of the evidence that the accident was caused by negligence of the defendant, and that the law makes no unreasonable demand, and will not consider the defendant guilty of negligence in failing to take precautions which in the opinion of the jury no person of ordinary prudence would have taken under the circumstances. The instruction was refused in this instance as academic and not helpful. The prayer should be considered together with two others. On a fifth prayer of the defendant, the jury was instructed that if they believed that the boy stepped or ran into the automobile at a time when it could not be arrested in its course and under circumstances

where with ordinary care on the part of the driver the car could not be stopped in time to avoid collision, the verdict must be for the defendant. A sixth prayer, refused by the court, was for an instruction that for a mere accident unmixed with negligence or fault no action will lie even though an injury has been done, and that unless the jury should find that negligence or fault on the part of the driver of the automobile has been shown, the verdict must be for the defendant. This, too, is a prayer commonly granted in similar cases. The trial court considered it to be an academic proposition in this case.

The warnings to the jury contained in the instructions prayed in these third and sixth prayers, against basing liability on anything but negligence, are usually important and often necessary, and they should have been given in this case unless it could be said that the instruction given on the fifth prayer sufficiently warned and guided the jury on the whole case. And this court has concluded that it did not. The speculations of the jury were not confined to the one state of facts, that of a sudden, unexpected running into the automobile by the boy; they were still free to speculate on the case presented by testimony to other facts, such, for instance, as that the boy walked across the intersection, at the crossing, or diagonally, when the car came along with or without an increase of speed. And for all such speculations there would still be value and importance in having the ground of recovery restricted to negligence. For that purpose the defendant's third and sixth prayers should, in the opinion of this court, have been granted.

The trial court, of its own motion, instructed the jury that a pedestrian has the right of way at a crossing not controlled by traffic signals or traffic officers, and that if the jury should find that the plaintiff was crossing at the usual pedestrian crossing, he had a right of way over the automobile of the defendant. To this it is objected that the instruction recognizes no distinction between a crossing by the boy in the ordinary manner, as an ordinary pedestrian, and a sudden running out from the sidewalk, as it is testified he did, when the

automobile could not avoid him, with the result that, even if the jury found that the boy did suddenly run out when he could not be avoided, they would still find themselves instructed that the defendant was under an obligation to yield him a right of way somehow. But the court has concluded that even though there may be foundation for this criticism in the wording of the instruction, there is no such likelihood of the jury's being led by it into the error suggested as to require a reversal of the judgment, for a new trial. The rule laid down is one the correct meaning of which is familiar to juries. And the instruction given this jury on the defendant's fifth prayer seems to furnish the exception and correction which the appellant urges as necessary.

For error in the rejection of the defendant's third and sixth prayers, however, the judgment must be reversed.

> *Judgment reversed and a new trial awarded, with costs to the appellant.*