## KATHERINE B. HARRISON *v.* DORIS SMITH.

[No. 16, April Term, 1934.]

*Decided April 25th, 1934.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

2

*Walter L. Clark* and *Roszel C. Thomsen,* for the appellant.

*E. Milton Altfeld,* for the appellee.

URNER, J., delivered the opinion of the Court.

The single question presented for decision on this appeal is whether the trial court erred in refusing an instruction, at the request of the defendant, based upon the theory that the injury sued for may have been the result of an unavoidable accident.

The plaintiff, a little girl six years of age, while crossing Thirty-sixth Street in Baltimore City, was injured by the automobile which the defendant was driving. According to testimony produced in the plaintiff's behalf, she was struck by the right front fender of the automobile, passing rapidly from her left, when she was proceeding across the street, between the white lines marking the space for pedestrian passage, at the intersection of Thirty-sixth and Poole Streets. It was testified for the defendant that the automobile driven by her had proceeded beyond the pedestrian crossing when the plaintiff collided with it, as she ran into the street from the sidewalk between two cars parked along the curb. The issues of primary and contributory negligence were submitted to the jury by appropriate instructions. The verdict was for the plaintiff, and the appeal is from the ensuing judgment.

In view of evidence tending to prove that the defendant was exercising due care, and upon the hypothesis that the plaintiff, because of her immaturity, was not legally chargeable with negligence, it is argued that there was proper ground for an instruction exonerating the defendant if the jury should find the injury to the plaintiff to have been caused by an accident which was unavoidable. The form of the proposed but rejected instruction was as follows: "The court instructs the jury that if they shall find from the evidence that the injury to the plaintiff was caused by an unavoidable accident, unmixed with negligence on the part of the defendant Katherine B.

Harrison, the verdict of the jury shall be for the said defendant." It is contended for the plaintiff that such an instruction could not properly have been granted in this case because each of the parties to the suit offered evidence tending to prove that the accident would have been avoided if the other had not been negligent. A granted prayer, offered by the defendant, instructed the jury that if the infant plaintiff was guilty of any negligence which contributed to her injury, the verdict should be for the defendant, and that the plaintiff was required to use that degree of prudence and discretion which children of her years ordinarily exercise under like circumstances. It would not have been consistent with that instruction to grant an unavoidable accident prayer upon the assumption that negligence could not be imputed to the plaintiff in view of her age.

The prayer under consideration is further criticized as defective in form because it predicates the supposed unavoidability of the accident upon a finding that the defendant alone was free of negligence, without making a similar inquiry in regard to the plaintiff's conduct. A prayer in that form was used without objection in *Sullivan v. Smith,* 123 Md. 546, 91 A. 456, and was mentioned without disapproval in *Leland v. Empire Engineering Co.,* 135 Md. 208, 108 A. 570, but the refusal of prayers so phrased was held to have been proper in *Schapiro v. Meyers,* 160 Md. 208, 153 A. 27, and *Coplan v. Warner,* 158 Md. 463, 149 A. 1. It was said in *Dwyer v. Chew,* 149 Md. 281, 285, 131 A. 350, 351: "An unavoidable accident, as a subject of judicial inquiry, is one which could not have been obviated by the exercise of legally requisite care by any of the persons whose responsibility for the occurrence is asserted or denied. If either the plaintiff or defendant could have averted the accident by proper care, it could not be said to have been unavoidable."

But the refusal in this case of the defendant's prayer relating to the question of unavoidable accident could not be considered as prejudicial to her interests, because the

whole theory of her defense was definitely and clearly submitted by another instruction which she requested and obtained. It stated that if the jury "shall find from the evidence in this case that the infant plaintiff stepped or ran into the path of the automobile of the defendant when it could not be arrested in its course and under circumstances where with ordinary care on the part of the defendant, her approach could not reasonably be anticipated and the automobile could not have been brought to a stop or swerved away from its course in time to save the infant plaintiff from injury, then the verdict of the jury shall be for the defendant." The rejected prayer presented no element of defense which was not embodied in the instruction just quoted.

*Judgment affirmed, with costs.*